(Eddie) Jae K. Kim (SBN: 236805)
ekim@lcllp.com
**LYNCH CARPENTER, LLP**
117 E Colorado Blvd, Ste 600
Pasadena, CA 91105-3712
Telephone:    (213) 723-0707
Facsimile:    (858) 313-1850

*Attorneys for Plaintiff and the Proposed Classes*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| *In re Meta Android Privacy Litigation* <br><br> This Document Relates To: <br> All Actions | Case No. 3:25-cv-04674-RFL <br><br> **PLAINTIFF CALVERT'S RESPONSE TO MOTION TO CONSOLIDATE** <br><br> Judge:         Hon. Rita F. Lin <br> Filing Date:  August 1, 2025 <br> Hearing Date: N/A <br> Time:          N/A |

Pursuant to Fed. R. Civ. P. 42(a), Rule 3-12 and Rule 7-11 of the Civil Local Rules, Plaintiff Brian Calvert ("Plaintiff"), plaintiff in the action captioned *Calvert v. Meta Platforms, Inc.*, No. 3:25-cv-06406 (N.D. Cal.) (the "*Calvert* Action") hereby files his response in support to the Motion to Consolidate Pursuant to Fed. R. Civ. P. 42; Administrative Motion to Consider Whether Cases Should be Related Pursuant to Civil L.R. 3-12 and 7-11 (ECF No. 33).

## THE ACTIONS ARE RELATED

Civil Local Rule 3-12(a) provides for actions to be related when: "(1) [t]he actions concern substantially the same parties, property, transaction or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different [j]udges."

Here, the *Calvert* Action should be related to the consolidated action docketed at *in In re Meta Android Privacy Litigation*, No. 3:25-cv-04674-RFL (N.D. Cal.) because each action: (1) asserts the same claims and/or similar claims against a common defendant, Meta Platforms, Inc. ("Meta"); (2) arises from same transaction or event, *i.e.*, Meta's surreptitious tracking and de-anonymization of Android users who have Facebook or Instagram apps installed on their Android smartphones and who visited a website in which the Meta Pixel was embedded; and (3) if the actions were to proceed separately, would result in judicial inefficiencies stemming from duplicative motions practice and discovery as the actions rise from the same set of common facts.

Because each of the actions are at their procedural infancy, arise from the same set of operative facts and assert the same or substantially similar claims on behalf of overlapping classes, the actions satisfy the relatedness requirements of Civil L.R. 3-12(a) and should therefore be consolidated before a single judge to preserve the parties' and court's resources.

## THE ACTIONS SHOULD BE CONSOLIDATED

Fed. R. Civ. P. 42(a)(1) states that "[i]f actions before the court involve a common question of law or fact, the court may … consolidate the actions." Likewise, this Court has ordered that "[a]ny subsequently filed … action that alleges the same or substantially similar claims as this Consolidated Action shall be consolidated with the Consolidated Action for all purposes." ECF No. 30 ¶ 5. For the same

reasons that the actions satisfy the relatedness requirements of Civil L.R. 3-12(a), the actions should be consolidated pursuant to Fed. R. Civ. P. 42.

## CONCLUSION

Because the actions arise from the same set of operative facts and assert the same and/or similar claims against a common defendant, the *Calvert* Action should be related and assigned to this Court and consolidated with *In re Meta Android Privacy Litigation*, Case No. 3:25-cv-04674-RFL (N.D. Cal.).

Dated: August 1, 2025                        Respectfully submitted,

*/s/ (Eddie) Jae K. Kim*
(Eddie) Jae K. Kim (SBN: 236805)
ekim@lcllp.com
**LYNCH CARPENTER, LLP**
117 E Colorado Blvd, Ste 600
Pasadena, CA 91105-3712
Telephone:    (213) 723-0707
Facsimile:    (858) 313-1850

*Attorney for Plaintiff Brian Calvert*