**LYNCH CARPENTER, LLP**
Jae (Eddie) K. Kim (SBN 236805)
117 East Colorado Blvd.
Suite 600
Pasadena, CA 91105
213-723-0707
ekim@lcllp.com

*Attorneys for Plaintiff and the Proposed Classes*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

*In re Meta Android Privacy Litigation*

This Document Relates To:
All Actions

Case No. 3:25-cv-04674-RFL

**MOTION TO APPOINT JAE (EDDIE) K. KIM AS INTERIM CLASS COUNSEL**

Judge: Hon. Rita F. Lin
Filing Date: August 1, 2025
Hearing Date: N/A
Time: N/A

## I. INTRODUCTION

This application seeks appointment of (Eddie) Jae K. Kim of Lynch Carpenter, LLP ("Lynch Carpenter") as one of the Interim Lead Class Counsel roles pursuant to Rule 23(g) and this Court's July 18, 2025 Order (ECF No. 30).

Mr. Kim and his firm Lynch Carpenter are data privacy trailblazers, with a long record of taking on cutting-edge issues and delivering wins for their clients in trial and appellate courts. For instance, Lynch Carpenter reversed a district court's grant of summary judgment to internet-based defendants who relied on a purported "direct party" exception to Pennsylvania's all-party consent anti-wiretapping law, in *Popa v. Harriet Carter Gifts, Inc.*, 52 F.4th 121 (3d Cir. 2022). Lynch Carpenter successfully argued that a website operator cannot evade the all-party consent requirement if it enlists an outside company to intercept website users' browsing communications without their consent. Lynch Carpenter also obtained favorable rulings about when and where the "interception" of communications occurs when websites contain sophisticated code that transmits event data from the user's browser to servers owned and controlled by third parties.

More recently, in a complex cross-appeal, Lynch Carpenter stepped in as appellate counsel and won on both fronts of the appeal: reversal of a district court's dismissal of a CIPA Section 631 claim on the grounds that no "contents" of communications were intercepted; and affirmance of the district court's favorable ruling on personal jurisdiction. *See Mikulsky v. Bloomingdale's, LLC*, No. 24-3564, 2025 WL 1718225 (9th Cir. June 20, 2025).

Lynch Carpenter has also forged data breach law at the state level with the seminal Supreme Court of Pennsylvania decision in *Dittman v. UPMC*, 196 A.3d 1036 (Pa. 2018). The court issued a landmark opinion—reversing the two lower courts—acknowledging that general principles of negligence support holding those who collect and store personally identifying information to a common law duty to reasonably safeguard such information from cyber-attacks.

Lynch Carpenter attorneys also served on the Plaintiffs' Steering Committee and contributed to successful Rule 12 stage briefing in *In re: Vizio, Inc. Consumer Privacy Litig.*, No. 8:16-ml-2693 (C.D. Cal.), a relatively early case about smart device snooping that resulted in an influential opinion on CIPA and common-law privacy issues, 238 F. Supp. 3d 1204 (C.D. Cal. 2017).

In addition to these law-developing victories on the frontiers of information age litigation, Lynch Carpenter has a proud history of successfully steering multi-firm leadership groups through the practical and logistical challenges of big-ticket cases. Mr. Kim and Lynch Carpenter have led, and continue to lead, some of the largest data privacy cases in the country. Currently, Mr. Kim works collaboratively with members of Bursor & Fisher, P.A. as Co-Lead Counsel in *In re Apple Data Privacy*, No. 5.22-cv-0769 (N.D. Cal) ("*Apple*"), which, directly analogous to this case, involves the unauthorized tracking of a large swath of customer usage data from mobile devices. Other active, massive data breach cases currently led by Lynch Carpenter include *In re: MOVEit Customer Data Security Breach Litig*., MDL No. 3083 (D. Mass.) (Co-Lead Counsel of data breach impacting 80 million individuals); and *Hasson v. Comcast Cable Communications, LLC*, No. 2:23-cv-05039 (E.D. Pa.) (Co-Lead Counsel of data breach impacting 36 million individuals).

Lynch Carpenter takes a deliberate and selective approach during the pre-suit investigation phase. While the article that revealed Meta's alleged practices challenged in these cases is shocking,[1] and swift action is appropriate, Lynch Carpenter did not race to the courthouse the next day solely to claim first-filed status. Instead, in recognition of the potential magnitude and seriousness of this case, Lynch Carpenter took the appropriate and necessary time to thoroughly analyze the facts, explore the best possible claims and causes of action, and vet prospective clients to identify the strongest available class representative. That is the type of approach the Court should expect and require from a firm seeking appointment to lead a case with the potential intensity and significance of this one.

Mr. Kim's and Lynch Carpenter's levelheaded demeanor and patience at the outset, expertise in this field, knowledge of the discovery needed, familiarity with the top experts in the industry on this subject matter, and working relationships with most other attorneys involved in this consolidated action, make Mr. Kim and Lynch Carpenter highly qualified for appointment as Interim Lead Class Counsel.

---

[1] https://arstechnica.com/security/2025/06/meta-and-yandex-are-de-anonymizing-android-users-web-browsing-identifiers/; Aniketh Girish, Gunes Acar, Narseo Vallina-Rodriguez, Nipuna Weerasekara, Tim Vlummens, Disclosure: Covert Web-to-App Tracking via Localhost on Android, https://localmess.github.io/ (last visited July 17, 2025). ("Girish, et. al.")

## II. SUMMARY OF THE CASE

Defendant Meta Platforms, Inc. f/k/a Facebook, Inc. ("Meta") generates nearly all of its revenue from selling advertising placements to marketers. To profit from its advertising business, Meta relies on the tracking tool "Meta Pixel", which is a snippet of JavaScript code embedded on third-party websites that tracks users' actions as they navigate through the website. It logs the pages they visit, the buttons they click, the substance of the text they type, and more. Meta Pixel then acts as a conduit to send this harvested information to Meta, where it can be stored for years, and ultimately connected to each consumer's Facebook and/or Instagram account. By making the connection between websites visited and a consumer's Facebook and/or Instagram account, Meta can then tailor advertisements to enrich the engagement of the consumer. This is all done surreptitiously, as the Meta Pixel works behind the scene and is unknown to ordinary internet browsers.

Recently, it was discovered that Meta was unlawfully monitoring Android smartphone users' web traffic.[2] As a compact summary, when an Android user accessed either the Facebook or Instagram applications on their phone, then eventually placed the application into the background, the application would begin listening for communications recorded, intercepted, redirected, and transmitted via the Meta Pixel.[3] Meta Pixel did this with Android users through bypassing normal security and privacy protection tools. Meta accomplished this data harvesting and eavesdropping by concealing how the Meta Pixel and the native applications were communicating.

Following this discovery, at least eleven related cases were filed against Meta and other defendants, which the Court consolidated by Order entered on July 18, 2025. ECF No. 30. Pursuant to the Order "[a]ll motions for appointment of interim class counsel shall be filed no later than 14 days from the Court's order granting consolidation."

## III. THE COURT SHOULD APPOINT (EDDIE) JAE K. KIM

Mr. Kim and his firm Lynch Carpenter are exceptionally qualified under the Rule 23(g) factors to lead this action. They possess (1) a willingness and ability to commit to the time-consuming nature of this case, as shown by experience; (2) a history of working cooperatively and respectfully with others in

---

[2] *Id.*

[3] *See* Girish, et. al., *supra* n.2.

data breach litigation, including many of the other counsel seeking leadership in this case; and (3) the experience and resources necessary to achieve a successful resolution.

Mr. Kim is the managing partner of Lynch Carpenter's Los Angeles office. Mr. Kim has spent the entirety of his twenty-year career representing plaintiffs in the litigation of complex/class actions. Mr. Kim currently serves as the lead attorney for Lynch Carpenter's appointment as Co-Lead Class Counsel in *Apple*, No. 5.22-cv-0769 (N.D. Cal), which is proceeding in this District. Similar to the case at hand, *Apple* also involves the unauthorized tracking of a concerning breadth of customer usage data from mobile devices. He has also been appointed or served as part of class counsel in a variety of actions that have led to class settlements, including *Gutierrez v. Wells Fargo*, No. C 07-05923 WHA (N.D. Cal.) ($203 million); *In re Hyundai and Kia Fuel Economy Litig.*, No.2:13-ml-02424-GW-FFM (C.D. Cal.) ($200 million); *Figueroa v. Capital One, N.A.*, No. 18CV692 JM(BGS), 2021 WL 211551, at *13 (S.D. Cal. Jan. 21, 2021) (granting final approval of $13 million settlement); *Weiss, et al v. FCTI, Inc.*, No. 37-2024-00016908-CU-BT-NC (Cal. Super. Ct. Dec. 24, 2024) (granting final approval of $10 million settlement); *Morrow, et al v. Navy Federal Credit Union*, No. 1:21-cv-722 (E.D. Va. July 25, 2024) (granting final approval of $5.5 million settlement); *Levin, et al v. Bd. of Regents of the Univ. of Colorado*, No. 2020CV31409 (Colo. Dist. Ct. July 19, 2023) (granting final approval of $5 million settlement); *Manwaring v. Golden Credit Union*, No. 34-2013-00142667 (Cal. Super. Ct. Dec. 9, 2015) (granting final approval of $5 million settlement); *Barry v. Univ. of Washinton*, No. 20-2-13924-6 (Wash. Super. Ct. Mar. 4, 2025) (preliminarily approving $4 million settlement); *Faber, et al v. Cornell Univ.*, No. 3-20-cv-467 (N.D. N.Y. Dec. 13, 2023) (granting final approval of $3 million settlement); *Bingham v. Acorns Grow*, *Inc., et al*, No. 30-2019-01050842-CU-NP-CXC (Cal. Super. Ct. Sept. 30, 2022) (granting final approval of $2.5 million settlement). Mr. Kim is also a Korean-American immigrant, whose appointment serves this District's emphasis on creating opportunities for diverse members of the legal community. *See In re JUUL Labs, Inc. Mktg., Sales Practices and Prods. Liability Litig.*, No. 3:19-MD-02913, ECF No. 321 at 4:7-12 (N.D. Cal.) (Orrick, J.) (emphasizing the importance of "diversity and all of its aspects from the types of cases, the geographic distribution, MDL experience, as well as the more immutable diversity characteristics"); *In re Robinhood Outage Litig.*, No. 20-cv-

01626-JD, 2020 WL 7330596, at *2 (N.D. Cal.) ("the attorneys running this litigation should reflect the diversity of the proposed national class.").

Mr. Kim will have the full support of his firm. Lynch Carpenter is a 25-lawyer plaintiff-side class action firm with offices in California and Pennsylvania. Lynch Carpenter has been at the forefront in data breach and privacy litigation, obtaining leadership appointments in many of the largest and most well-known cases, and generating seminal legal authority in both trial and appellate courts. *See, e.g.*, *Dittman v. UPMC*, 196 A.3d 1036 (Pa. 2018); *Popa v. Harriet Carter Gifts, Inc.*, 52 F.4th 121 (3d Cir. 2022). Similarly, Lynch Carpenter has litigated dozens of analogous wiretapping actions similar to this one, and have been involved in numerous appeals across multiple circuits. In litigating these cases, including obtaining class certification,[4] as well as in investigating this action, Lynch Carpenter has worked closely with experts to understand the technology and methods by which Meta intercepts consumers' website data for its own financial gain.

Lynch Carpenter's willingness to go the distance for its clients also enables the firm to negotiate from a position of strength and obtain favorable settlements for victims of data privacy invasions. In addition to the cases discussed above, Lynch Carpenter attorneys have served or currently serve as co-lead counsel or in other leadership positions in various data privacy class actions and multidistrict litigation: *In re Equifax, Inc. Customer Data Security Breach Litig.*, No. 1:17-md-02800 (N.D. Ga.) (Co-Lead Counsel, $32.5 million settlement for financial institution class); *In re The Home Depot, Inc., Customer Data Security Breach Litig.*, No. 1:14-md-02583 (N.D. Ga.) (Co-Lead Counsel, $27.25 million settlement) for financial institution class); *First Choice Fed. Credit Union v. The Wendy's Co.*, No. 2:16-cv-00506, (W.D. Pa.) (Co-Lead Counsel, $50 million settlement for financial institution class); *In re Wawa, Inc. Data Security Litig.*, No. 2:19-cv-6019 (E.D. Pa.) (Co-Lead Counsel, $37 million settlement for financial institution class, final approval pending); *Biscan v. Shields Health Care Group, Inc.*, No. 1:22-cv-10901-PBS (D. Mass.) (Co-Lead Counsel, $15 million data breach settlement for class of patients, preliminarily approved); *In re: Change Healthcare Inc., Customer Data Security Breach Litig.*, MDL No. 3108 (D. Minn.) (Co-Chair of Patient track Plaintiffs' Steering Committee in data breach

[4] *Hanlon v. W. Atlee Burpee & Co.*, No. GD-18-012917 (Ct. Comm. Pl., Allegheny Cty.).

MDL); and *In re: Consumer Vehicle Driving Data Tracking Collection Litig.*, No. 1:24-md-03115 (N.D. Ga.) (Plaintiffs' Steering Committee in MDL arising from secret collection and sale of detailed data regarding consumers' driving habits through millions of GM vehicles). Lynch Carpenter's firm resume is attached hereto as Exhibit A.

**A. The Rule 23(g) Factors Support Appointment**

Rule 23(g)(3) of the Federal Rules of Civil Procedure permits the Court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Where there are "overlapping, duplicative, or competing class actions pending before a court, . . . appointment of interim counsel is necessary to protect the interests of class members." *Paraggua v. LinkedIn Corp.*, No. 5:12-cv-03088, 2012 WL 3763889, at *1 (N.D. Cal. Aug. 29, 2012) (internal quotations and citations omitted). The "designation of interim [lead] counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual for Complex Litigation (Fourth) (2014) § 21.11.

In deciding who is best suited to represent the putative Class at this stage of the litigation, key factors for the Court to consider are: (1) the work proposed interim lead counsel has performed in identifying or investigating the potential claims; (2) counsel's experience with claims of the type asserted in the action; (3) counsel's knowledge of applicable law; and (4) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(a)(i)-(iv); *see also In re Seagate Technology LLC Litig.*, No. 16-cv-00523-RMW, 2016 WL 3401989, at *2 (N.D. Cal. June 21, 2016) ("Although Rule 23(g)(3) does not provide a standard for appointment of interim counsel, courts typically look to the factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A).").

Mr. Kim and Lynch Carpenter have been actively investigating this case since Meta's conduct was publicly announced in the beginning of June 2025. This includes independently researching and analyzing the allegations raised in the Ars Technica article that prompted this consolidated action, and vetting Android users to find an adequate class representative. Moreover, Mr. Kim and his firm have been involved in wiretapping cases, and Meta Pixel cases, specifically, for years. The firm's development in the Third Circuit of *Harriet Carter* created the foundation from which many of these types of lawsuits

originated. As pioneers of this new tech-frontier, Lynch Carpenter's knowledge of the potential claims, and experience in litigating these claims, are unparalleled.

In addition to having the requisite knowledge and deep repository of the top experts in the industry, Lynch Carpenter has the financial and staffing resources necessary to represent the class against Meta. Our firm takes a no-nonsense approach to managing litigation efficiently, always prioritizing the interests of the class first. This approach has produced remarkable settlements and efficient case resolutions. This case will be no different. The firm has not entered into any attorney fee-sharing agreements in this case and have never relied on third-party litigation funding. Our firm will submit a Timekeeping Protocol that ensures any fees recovered are commensurate with the work performed on behalf of the class.

Rule 23(g) supports Mr. Kim's appointment.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff Calvert respectfully requests that (Eddie) Jae K. Kim of Lynch Carpenter be appointed one of the Interim Lead Class Counsel roles in this consolidated action.

Dated: August 1, 2025

Respectfully submitted,

*<u>/s/ Jae (Eddie) K. Kim</u>*

Jae (Eddie) K. Kim (SBN: 236805)
ekim@lcllp.com
**LYNCH CARPENTER, LLP**
117 E Colorado Blvd, Ste 600
Pasadena, CA 91105-3712
Telephone: (213) 723-0707
Facsimile: (858) 313-1850

*Attorney for Plaintiff Brian Calvert*