**BURSOR & FISHER, P.A.**
Philip L. Fraietta (SBN 354768)
Yitzchak Kopel (*pro hac vice* pending)
Max S. Roberts (*pro hac vice* pending)
Victoria X. Zhou (*pro hac vice* pending)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163

*Attorneys for Plaintiff Rose*

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Michael W. Sobol (SBN 19485)
Michael K. Sheen (SBN 288284)
Amelia A. Haselkorn (SBN 339633)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008

*Attorneys for Plaintiff Henderson*

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
Mariya Weekes (*pro hac vice* forthcoming)
333 SE 2nd Avenue, Suite 2000
Miami, FL, 33131
Tel: (786) 879-8200
Fax: (786) 879-7520

*Attorneys for Plaintiff Ginder*

**AHDOOT & WOLFSON, PC**
Tina Wolfson (SBN 174806)
Theodore W. Maya (SBN 223242)
Alyssa D. Brown (SBN 301313)
Sarper Unal (SBN 341739)
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505
Telephone: (310) 474-9111
Facsimile: (310) 474-8585

*Attorneys for Plaintiff Lee*

[Additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| *In re Meta Android Privacy Litigation*<br><br>This Document Relates to: All Actions | Case No. 3:25-cv-04674-RFL<br><br>**NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS INTERIM CLASS COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Judge: Rita F. Lin<br><br>Date: October 7, 2025<br>Time: 10:00 A.M.<br>Courtroom: Courtroom 15, 18th Floor |

**NOTICE OF MOTION AND MOTION**

TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD: Please take notice that on October 7, 2025 at 10:00 A.M., or at such other date as ordered by the Court, at the San Francisco Federal District Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Courtroom 15, 18th Floor, counsel for Plaintiffs Devin Rose, John Ginder, Brandon Henderson, and Hayden Lee in the above-titled action will and hereby do move, pursuant to the Court's July 18, 2025 Order (ECF No. 30) and Federal Rule of Civil Procedure 23(g), for appointment of the law firms Bursor & Fisher, P.A. ("Bursor"); Lieff Cabraser Heimann & Bernstein, LLP ("Lieff Cabraser"); Milberg Coleman Bryson Phillips Grossman, LLC ("Milberg"); and Ahdoot & Wolfson, PC ("Ahdoot Wolfson") (collectively, "Proposed Class Counsel"), to serve as Interim Class Counsel in this consolidated class action.[1]

This motion is based on the memorandum of points and authorities herein, argument of counsel, and all papers and pleadings on file in this matter.

[1] Bursor represents Plaintiff Devin Rose in the first-filed *Rose v. Meta Platforms, Inc.* No. 3:25-cv-04674; Ahdoot Wolfson represents Plaintiff Hayden Lee in *Lee v. Meta Platforms, Inc.*, No. 3:25-cv-04910; Milberg represents Plaintiff John Ginder in *Ginder v. Meta Platforms, Inc.*, No. 5:25-cv-05447; and Lieff Cabraser represents Plaintiff Brandon Henderson in *Henderson v. Meta Platforms, Inc.*, No. 3:25-cv-05589.

## TABLE OF CONTENTS

**PAGE**

MEMORANDUM OF POINTS AND AUTHORITIES .................... 1

I. INTRODUCTION .................... 1

II. BACKGROUND .................... 2

III. ARGUMENT .................... 2

A. Proposed Class Counsel Thoroughly Investigated the Underlying Facts and Led Early Case Management Efforts (Rule 23(g)(1)(A)(i)). .................... 3

B. Proposed Class Counsel Has Extensive Experience with Data Privacy Class Actions and Intimate Knowledge of the Relevant Law (Rule 23(g)(1)(A)(ii)–(iii)). .................... 4

C. Proposed Class Counsel Will Continue to Commit the Resources Necessary to Represent the Class Effectively (Rule 23(g)(1)(A)(iv)). .................... 9

D. Proposed Co-Lead Counsel Will Work Efficiently Together and Cooperatively with Other Plaintiffs' Counsel (Rule 23(g)(1)(B)). .................... 9

IV. CONCLUSION .................... 10

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Boelter v. Hearst Commc'ns Inc.*,
269 F. Supp. 3d 172 (S.D.N.Y. 2017) ... 6

*DDMB, Inc. v. Visa, Inc.*,
2021 WL 6221326 (E.D.N.Y. Sept. 27, 2021) ... 10

*Dependable Component Supply Corp. v. Murata Mfg. Co.*,
2018 WL 3388548 (N.D. Cal. Apr. 27, 2018) ... 3

*Harrison v. Gen. Motors, LLC*,
2022 WL 1515535 (E.D. Mich. May 13, 2022) ... 10

*In re Air Cargo Shipping Servs. Antitrust Litig.*,
240 F.R.D. 56 (E.D.N.Y. 2006) ... 10

*In re Apple Inc. Device Performance Litig.*,
2018 WL 11360203 (N.D. Cal. May 15, 2018) ... 10

*In re Lenovo Adware Litig.*,
2015 WL 10890657 (N.D. Cal. July 27, 2015) ... 10

*In re Meta Pixel Healthcare Litig.*,
2022 WL 18399978 (N.D. Cal. Dec. 21, 2022) ... 3

*In re Sandisk SSDS Litig.*,
2023 WL 10367607 (N.D. Cal. Dec. 4, 2023) ... 3

*Javier v. Assurance IQ, LLC*,
649 F. Supp. 3d 891 (N.D. Cal. 2023) ... 6

*Javier v. Assurance IQ, LLC*,
2022 WL 1744107 (9th Cir. May 31, 2022) ... 6

*Katz-Lacabe v. Oracle America, Inc.*,
2024 WL 4804974 (N.D. Cal. Nov. 15, 2024) ... 7

*Paraggua v. LinkedIn Corp.*,
2012 WL 3763889 (N.D. Cal. Aug. 29, 2012) ... 4

*Remijas v. Neiman Marcus Grp., LLC*,
794 F.3d 688 (7th Cir. 2015) ... 8

*Shah v. Fandom, Inc.*,
754 F. Supp. 3d 924 (N.D. Cal. 2024) ... 6

**TABLE OF AUTHORITIES**
**(continued)**

**PAGE(S)**

*Webb v. Injured Workers Pharmacy, LLC*,
72 F.4th 365 (1st Cir. 2023) .......... 7

**RULES**

Federal Rule of Civil Procedure 23(g) .......... i, 2, 3. 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This consolidated class action arises from the unprecedented and illegal tracking of Android mobile device users by Meta Platforms, Inc. ("Meta") using its Meta Pixel (or "Pixel") tracking technology. On June 3, 2025, internet security researchers publicly revealed that for nearly a year, Meta had secretly manipulated and exploited core security and privacy protections on Google LLC's ("Google") Android mobile operating system to impermissibly track and identify Facebook and Instagram account holders browsing the internet.[2] Specifically, Meta covertly linked user activity from their web browsers to the information from their Facebook and/or Instagram apps (e.g., names and email addresses), violating a critical security principle known as "sandboxing," which requires isolating mobile app content to protect the device and user data from harm. That same day, Plaintiff Devin Rose filed the first of 11 class action complaints against Meta and/or Google, reflecting the dramatic response by class members to the news, and emphasizing the need for experienced and thoughtful leadership in this case.

Proposed Class Counsel consists of four law firms with significant experience successfully litigating complex data privacy class actions such as this one, including against Meta and Google. Counsel have demonstrated that experience here by: (a) conducting a quick and efficient case investigation, filing claims against Meta the same day information about the misconduct was made public; (b) consulting with and retaining one of the researchers whose highly technical work uncovered the misconduct at issue, among other experts; and (c) promptly convening counsel for parties in all actions and leading the effort to effectuate a stipulation on the consolidation of cases and appointment of interim class counsel. In addition, Proposed Class Counsel have organized themselves efficiently and present a plan to litigate this case effectively, with Bursor and Lieff Cabraser to lead efforts against Meta, and Milberg and Ahdoot Wolfson to lead efforts against Google.

The proposed group of law firms is best positioned to fully and effectively represent the interests of class members in this litigation and respectfully request that the Court appoint them to serve as Interim Class Counsel.

---

[2] *See* Dan Goodin, Meta and Yandex Are De-Anonymizing Android Users' Web Browsing Identifiers, ARS TECHNICA(June 3, 2025, at 5:00 AM), https://arstechnica.com/security/2025/06/meta-and-yandex-are-de-anonymizing-android-users-web-browsing-identifiers/.

## II. BACKGROUND

For nearly a decade, Meta has used its Pixel tracking technology to imperceptibly capture information about website visitors and their communications, becoming a primary means through which Meta supports its advertising business. Meta's improper deployment and use of the Pixel gained public attention in 2022, prompting Congressional inquiries and numerous class actions against Meta. *See, e.g.*, *In re Meta Pixel Healthcare Litig.*, No. 3:22-03580 (N.D. Cal.) (alleging illegal use of the Meta Pixel to collect personal medical information through healthcare provider websites); *In re Meta Pixel Tax Filing Cases*, No. 5:22-cv-07557 (N.D. Cal.) (alleging illegal use of the Meta Pixel to collect personal financial information through online tax preparation provider websites).

This action stands out as among the most serious Pixel cases due to the remarkable brazenness by which Meta impermissibly manipulated and exploited the Android operating systems on millions of mobile devices to track and profit from Facebook and Instagram account holders, and the failure of Google to protect users from those actions. From September 2024 through at least June 2, 2025, Meta opened an unauthorized channel of communication between the Pixel and Facebook and Instagram apps. This allowed Meta to match users' web browsing data directly to the Facebook and Instagram apps (and the names and email addresses contained therein) installed on their devices, effectively collecting de-anonymized personal information from millions of Android users without their knowledge or consent. The misconduct continued until June 3, 2025, when researchers—including one retained by Proposed Class Counsel—confronted Meta and published a detailed report of Meta's exploitation of Android mobile devices, leading the company to "pause" its actions that same day. Meta has not explained what it has done with the unlawfully collected data, including whether it will delete that data, and provided no assurances it would not resume its misconduct in the future. This action immediately followed.

## III. ARGUMENT

In appointing Interim Class Counsel, courts consider four factors under Rule 23(g)(1)(A) of the Federal Rules of Civil Procedure: (i) the work counsel has done in investigating potential claims; (ii) counsel's experience in class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class. The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately

represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). As detailed below, each factor supports the appointment of Proposed Class Counsel as Interim Class Counsel here.

### A. <u>Proposed Class Counsel Thoroughly Investigated the Underlying Facts and Led Early Case Management Efforts (Rule 23(g)(1)(A)(i)).</u>

In part because of their longstanding relationships with experts in the field of digital security, Proposed Class Counsel were among the first to learn of, investigate, and commence litigation against Meta—including the first-filed *Rose* action—and subsequently against Google. *See In re Sandisk SSDS Litig.*, 2023 WL 10367607, at *1 (N.D. Cal. Dec. 4, 2023) (Lin, J.) (noting where the Rule 23(g)(1)(A) factors do not "tilt heavily in favor" of a particular set of counsel, "the Court considers the first-filed case as an objective tie-breaker" (citation omitted)). Indeed, after initially learning of the misconduct at issue, Proposed Class Counsel expended substantial time and resources toward understanding the technical issues at play, reviewing relevant publications, performing legal research into potential causes of action, consulting with experts, including the very researchers who first discovered Meta's privacy abuses and Android's vulnerabilities, and retaining one such researcher to advise counsel in this highly-technical matter. In short, Proposed Class Counsel's early efforts make them uniquely situated to lead this litigation. *See Dependable Component Supply Corp. v. Murata Mfg. Co.*, 2018 WL 3388548, at *2 (N.D. Cal. Apr. 27, 2018) (appointing interim class counsel based on their efforts "to promptly identify and investigate the claims, coupled with the extensive amount of resources which they have available to expend on this case").

Since the beginning this litigation, Proposed Class Counsel also took a leadership role in early case management efforts and organized the parties in the related actions before this Court. Proposed Class Counsel filed motions to relate every case filed in this District. Proposed Class Counsel also convened counsel for all Plaintiffs, Meta, and Google to reach agreement around, and obtain a Court order approving, a stipulation to consolidate cases and set a preliminary schedule. *See* ECF No. 29. Among other things, this work demonstrates Proposed Class Counsel's ability to achieve consensus among Plaintiffs' counsel and to lead negotiations with Meta and Google. Most recently, Proposed Class Counsel sent Meta and Google each a detailed letter to begin discussions about the preservation of relevant information.

Proposed Class Counsel's early commitment to the thorough and expedient litigation of claims on behalf of class members weighs in favor of appointment. *See In re Meta Pixel Healthcare Litig.*, 2022 WL

18399978, at *2 (N.D. Cal. Dec. 21, 2022) (appointing counsel that had "done the most work to identify and investigate the potential claims," including "filing the first complaint" and discussing "the preservation and production of relevant information with Meta"); *Paraggua v. LinkedIn Corp*., 2012 WL 3763889, at *2 (N.D. Cal. Aug. 29, 2012) (appointing counsel who "has taken a leadership role among counsel for the other plaintiffs, and has contacted Defendant's counsel concerning future protection of user privacy").

### B. <u>Proposed Class Counsel Has Extensive Experience with Data Privacy Class Actions and Intimate Knowledge of the Relevant Law (Rule 23(g)(1)(A)(ii)–(iii)).</u>

Individually, each Proposed Class Counsel law firm brings substantial experience managing complex class actions and litigating the types of claims asserted here. Collectively, Proposed Class Counsel brings an unparalleled wealth of tailored knowledge that will serve the Court and class members well. Moreover, the team reflects class members' diversity in gender, ethnicity, and professional background, an asset that informs and enhances the team's ability to understand and represent all class members.

The Proposed Class Counsel law firms bring extensive experience in privacy litigation involving the Pixel and Google's Android operating system, which will greatly benefit class members given the focus on those technologies here. *See, e.g.*, *Ambrose v. Boston Globe Media Partners, LLC*, No. 1:22-cv-10195 (D. Mass.) (first-ever case alleging use of the Meta Pixel in violation of the Video Privacy Protection Act ("VPPA")) (Bursor); *Jancik v. WebMD LLC*, No. 1:22-cv-00644 (N.D. Ga.) (first-ever class certification granted for VPPA claim based on Meta Pixel tracking) (Bursor); *Vela v. AMC Networks, Inc.*, No. 1:23-cv-02524 (S.D.N.Y) (settlement of VPPA claim based on Meta Pixel tracking) (Lieff Cabraser); *Gershzon v. Meta Platforms, Inc.*, No. 3:23-cv-00083 (N.D. Cal.) (action concerning state statutory claims from use of the Pixel on the California DMV website) (Lieff Cabraser); *Diaz v. Google LLP*, No. 5:21-cv-3080 (N.D. Cal) (resolving suit alleging Google's unlawful exposure of confidential medical information via the Android operating system via novel early resolution process) (Lieff Cabraser); *Doe v. GoodRX Holdings, Inc.*, No. 3:23-cv-00501 (N.D. Cal.) (alleging violations of state statutory and common law claims from use of Pixel on medical website) (Bursor); *Warren v. Pomona Valley Hospital Medical Center*, Case No. 23STCV05324 (Cal. Super. Ct. Los Angeles Cty.) (alleging Meta Pixel tracking of healthcare information on hospital website) (Ahdoot Wofson); *Cousin v. Sharp Healthcare*, 3:22-cv-02040 (S.D. Cal.) (same) (Ahdoot Wolfson); *Doe v. Antelope Valley Medical Center*, No. 23STCV05382 (Cal. Super. Ct. Los Angeles Cty.) (same)

(Ahdoot Wolfson); *In re TikTok Inc. Consumer Privacy Litig.*, No. 1:20-cv-4699 (N.D. Ill.) (alleged harvesting of biometrics and device data) (Ahdoot Wolfson); *In re Ring LLC Privacy Litig.*, No. 2:19-cv-10899 (C.D. Cal.) (alleging collection and transfer of data to third parties, including Meta) (Ahdoot Wolfson).

Moreover, the law firms have a long history of working together in complex data privacy cases, including against Meta and Google. *See, e.g.*, *In re Google Location History Litig.*, No. 5:18-cv-05062 (N. D. Cal.) ($62 million settlement and injunctive relief concerning Google's collection of location information) (Lieff Cabraser and Ahdoot Wolfson); *Michie v. TheTradeDesk, Inc.*, No. 3:25-cv-2889, (N.D. Cal.) (alleging data broker's unlawful collection, use, and sale of their personal information) (Lieff Cabraser and Bursor); *Karling v. Samsara Inc.*, No. 1:22-cv-00295 (N. D. Ill.) (class settlement concerning the unlawful collection of biometrics) (Milberg and Lieff Cabraser); *Quinto v. The Regents of the University of California*, Case No. 22-cv-012970 (Cal. Sup. Ct. Alameda Cty.) (first-ever case alleging the use of Meta Pixel to track individuals' private health information) (Milberg and Bursor); *Lionetta v. InMarket, Media, LLC*, 1:24-cv-11170 (D. Mass.) (alleging defendant tracked consumers and their devices through a software development kit in its own and third-party apps) (Bursor and Ahdoot Wolfson); *In re: Apple Data Privacy Litig.*, No. 5:22-cv-07069 (N.D. Cal.) (Bursor and Ahdoot Wolfson); *Rivera v. Google LLC*, No. 2019-CH-00990 (Cir. Ct. Cook Cnty.) ($100 million settlement on behalf of Illinois class for allegedly unlawful collection and storage of biometrics) (Ahdoot Wolfson and Bursor).

Likewise here, Proposed Class Counsel will bring to bear their deep experience and extensive knowledge, with a unified commitment to vindicating the privacy rights of class members who have been harmed by Meta's and Google's conduct.

***Bursor & Fisher***. With offices in Walnut Creek, New York City, and Miami, Bursor & Fisher lawyers have represented plaintiffs in some of the largest class actions in recent history. The firm won multi-million verdicts or recoveries in six of six class action jury trials since 2008, including most recently a $267 million jury verdict before The Honorable Yvonne Gonzalez Rodgers in *Perez v. Rash Curtis & Associates*, No. 4:16-cv-03396 (N.D. Cal.). Bursor & Fisher's firm resume, available at https://bursor.com/resume, describes the firm's achievements and team in more detail.

The Bursor & Fisher team will be led by Philip L. Fraietta, Yitzchak Kopel, Max S. Roberts, Victoria X. Zhou, and L. Timothy Fisher. Mr. Fraietta has been named a "Rising Star" in the New York Metro Area

by Super Lawyers® every year since 2019 and has earned a reputation for taking on novel issues of first impression in the data privacy space. Some of Mr. Fraietta's noteworthy privacy litigation victories include securing summary judgment in a case alleging violations of the sparsely litigated Michigan Preservation of Personal Privacy Act. *See Boelter v. Hearst Commc'ns Inc.*, 269 F. Supp. 3d 172 (S.D.N.Y. 2017). Mr. Fraietta and his team have also achieved some of the biggest settlements in data privacy class actions, including *Schreiber v. Mayo Foundation*, No. 2:22-cv-00188 (W.D. Mich.) ($52.5 million class settlement to resolve claims of health letter subscribers for alleged violations of the Michigan Preservation of Personal Privacy Act); and *Ramos v. ZoomInfo Technologies, LLC*, No. 1:21-cv-02032 (N.D. Ill.) ($29.5 million class settlement under the right of publicity statutes of California, Illinois, Indiana, and Nevada).

Bursor & Fisher is also responsible for some of the biggest victories in California privacy litigation, which have shaped the law on the California Invasion of Privacy Act, a major claim at issue here. *See, e.g.*, *Shah v. Fandom, Inc.*, 754 F. Supp. 3d 924 (N.D. Cal. 2024) (Lin, J.) (deciding novel issue regarding interpretation of CIPA §§ 638.50-638.51 in plaintiff's favor); *Javier v. Assurance IQ, LLC*, 649 F. Supp. 3d 891 (N.D. Cal. 2023) (establishing "capability" test for whether software vendor is a third party under CIPA 631); *Javier v. Assurance IQ, LLC*, 2022 WL 1744107 (9th Cir. May 31, 2022) (reversing district court and establishing CIPA 631 requires prior consent to interception). Bursor & Fisher also filed the first-filed *Rose* matter concerning the allegations here. Bursor & Fisher is well-equipped to lead this litigation.

***Lieff Cabraser Heimann & Bernstein***. Founded in 1972, Lieff Cabraser is a 135+ attorney AV-rated law firm with offices in San Francisco, New York, Nashville, and Munich. In addition to digital privacy and data security, the firm has a diversified practice successfully representing plaintiffs throughout the United States. *See, e.g.*, *Thakur v. Trump*, No. 3:25-cv-04737-RFL (N.D. Cal.) (class action brought by university researchers regarding the abrupt termination of their federal grants). Lieff Cabraser's firm resume is available at https://www.lieffcabraser.com/pdf/Lieff_Cabraser_Firm_Resume.pdf.

The Lieff Cabraser team will be led by Michael Sobol, Douglas Cuthbertson, Mike Sheen, and Amelia Haselkorn. After serving as chair of Lieff Cabraser's Consumer Protection group for twenty years, Mr. Sobol has led the firm's Cybersecurity & Data Privacy group since its inception in 2016. The group has earned a reputation for leading novel and challenging consumer privacy lawsuits of first impression, most recently earning *Law360*'s 2024 Cybersecurity & Privacy Law Practice Group of the Year Award. Lieff Cabraser's

collective work in data privacy litigation has helped shape relevant law through multiple landmark cases, leading to meaningful relief for consumers in actions covering a variety of privacy-invasive technologies, including: *Katz-Lacabe v. Oracle America, Inc.*, 2024 WL 4804974 (N.D. Cal. Nov. 15, 2024) (securing $115 million settlement with Oracle, one of the world's largest data brokers, in a lawsuit alleging that Oracle unlawfully collected and sold consumers' personal information to third parties without their consent); *McDonald v. Kiloo APS*, No. 3:17 cv-04344 (N.D. Cal.), *Rushing v. The Walt Disney Company*, No. 3:17-cv-04419 (N.D. Cal.), and *Rushing v. ViacomCBS Inc.*, No. 3:17-cv-04492 (N.D. Cal.) (wide-ranging business practice changes to address the tracking, collection, and monetization of children's personal data that the *New York Times* stated "could reshape the entire children's app market"); *In re Anthem, Inc. Data Breach Litig.*, No. 5:15-MD-02617 (N.D. Cal.) ($115 million settlement addressing data breach of 80 million Anthem members' personal and health information); *In re Plaid, Inc. Privacy Litig.*, No. 4:20-cv-3056 (N.D. Cal.) ($58 million settlement and structural reforms addressing unauthorized access to financial accounts via apps). Lieff Cabraser's extensive experience litigating and crafting strategies to navigate novel data privacy issues make it uniquely well-qualified to serve as interim class counsel here.

***Milberg Coleman Bryson Phillips Grossman***. Since its founding in 1965, Milberg has repeatedly taken the lead in landmark cases that have set groundbreaking legal precedents, prompted changes in corporate governance, and recovered over $50 billion in verdicts and settlements. Milberg has been instrumental in obtaining precedent-setting decisions at every level, including at the United States Supreme Court. Milberg is one of the largest plaintiffs' class action firms in the United States (and abroad) and includes over 120 attorneys from diverse backgrounds that reflect the diversity of the bar and the classes they seek to represent.

Milberg has one of the largest (15+ attorneys) and most respected data privacy practice groups in the country. Milberg's successes in the privacy space span a myriad of technologies and areas of law. Milberg has recovered well over $100 million from major tech companies in complex privacy cases, including against Meta and Google. *See, e.g.*, *Parris v. Meta Platforms, Inc.*, Case No. 2023LA000672 (Ill. 18th Jud. Cir. Ct., DuPage Cnty.) ($64.25 million settlement on behalf of Illinois Instagram users for privacy claims); *Boone v. Snap, Inc.*, Case No. 2022LA000708 (18th Cir. DuPage Cty., Ill.) ($35 million settlement for 3 million consumers in a privacy class action); and *Colombo v. Google LLC*, Case No. 3:22-cv-06987 (N.D. Cal.) ($6 million settlement concerning privacy claims related to video face blurring technology). And Milberg is

responsible for several landmark decisions that have paved the way for plaintiffs to prosecute privacy cases in the wake of Article III standing challenges. *See, e.g.*, *Webb v. Injured Workers Pharmacy, LLC*, 72 F.4th 365 (1st Cir. 2023) (precedential decision reversing the dismissal of privacy case concerning a data breach at a pharmacy and finding Article III standing).

The Milberg team will be led by Mariya Weekes, William J. Edelman, and Heather Lopez. Ms. Weekes is a former Florida State Circuit Court Judge, who has presided over thousands of complex cases, including class actions, hundreds of trials, and motions. After stepping down from the bench, Ms. Weekes joined Milberg's Cybersecurity and Data Privacy Group, where she has served as lead or co-lead counsel in numerous major privacy class actions. As a former federal prosecutor in the Northern District of California, Mr. Edelman also brings over a decade of litigation and trial experience. Milberg's firm resume, including attorney bios for all team members, is available at https://tinyurl.com/MilbergFirmResume.

***Ahdoot Wolfson***. Ahdoot Wolfson is a nationally recognized law firm with offices in Los Angeles, New York and Philadelphia. It was one of the first firms to pursue justice for victims of corporate misuse of personal and private data, prosecuting major financial institutions for unlawfully compiling and selling the detailed financial data of millions of consumers to third-party telemarketers, exposing corporate practices that later became the subject of Gramm-Leach-Bliley Act regulation. Ahdoot Wolfson's precedent-setting cases continue today. *See, e.g.*, *Remijas v. Neiman Marcus Grp., LLC*, 794 F.3d 688 (7th Cir. 2015) (seminal appellate opinion on Article III standing from imminent future harm due to data breaches).

The Ahdoot Wolfson team will be led by Tina Wolfson, Ted Maya, Alyssa Brown, and Sarper Unal. Ms. Wolfson is one of only a handful of female founding partners of a nationwide class action firm. Six years after arriving in the United States as a political refugee from the former Soviet Union, Ms. Wolfson attended Columbia University and then Harvard Law School, co-founding AW four years later, where she has since recovered billions of dollars for consumers in a wide range of class action litigation, particularly in the data privacy field. She has played a pivotal role in achieving some of the largest monetary settlements in that space, including in cases against Google. For example: *Experian Data Breach Litigation*, No. 8:15-cv-01592 (C.D. Cal.) ($150 million settlement following data breach); *Zoom Video Commc'ns, Inc. Privacy Litigation*, No. 3:20-cv-02155 (N.D. Cal.) ($85 million in case stemming from Zoom's allegedly unlawful data collection and security practices); *Google Location History Litigation*, No. 5:18-cv-05062 (N.D. Cal.) ($64 million in

class action arising out of Google's allegedly unlawful collection and use of mobile device location information); *In re TikTok Inc. Consumer Privacy Litigation,* No. 1:20-cv-4699 (N.D. Ill) (although Wolfson not appointed lead counsel, she was instrumental in arriving at $92 million settlement ultimately approved by the Court); *In re Ring LLC Privacy Litigation*, No. 2:19-cv-10899 (C.D. Cal.) (obtaining injunctive relief on behalf of class after case compelled to individual arbitration that restored consumer choice with regard to Ring's sharing of their private data with third parties, including Meta).

Ms. Wolfson also works regularly to educate the bar and the judiciary on class action litigation, including by putting on programming about cutting edge topics for the Ninth Circuit Judicial Conference as a member of the Conference Executive Committee. Ahdoot Wolfson's firm resume is available at https://www.ahdootwolfson.com/wp-content/uploads/2025/08/Wolfson-CV.pdf.

**C. <u>Proposed Class Counsel Will Continue to Commit the Resources Necessary to Represent the Class Effectively (Rule 23(g)(1)(A)(iv)).</u>**

As their resumes and experience indicate, Proposed Class Counsel have the resources to see this litigation through to its conclusion, including at trial. Each law firm understands the time, energy, and skill required to lead this litigation and has committed to expending the resources necessary to ensure effective and efficient representation of the class, without the need for outside funding.

Further, in addition to having practiced extensively throughout California and in this District, the law firms will take full advantage of their presence throughout the state—with two firms having offices in this District (Lieff Cabraser and Bursor), and two firms having offices in the Los Angeles area (Milberg and Ahdoot Wolfson). With its headquarters and most of its litigation team for this case in San Francisco, Lieff Cabraser commits to utilizing its local office facilities and staff—located in close proximity to the Court, as well as Meta's and Google's headquarters—in the best interests of the class.

**D. <u>Proposed Co-Lead Counsel Will Work Efficiently Together and Cooperatively with Other Plaintiffs' Counsel (Rule 23(g)(1)(B)).</u>**

Proposed Class Counsel plan to litigate this action as a cohesive, well-organized group, building on its past record of working together in data privacy class actions throughout the country (*see* above at p.5). As already demonstrated by their efforts in this case, Proposed Class Counsel will work collaboratively with other Plaintiffs' counsel and with opposing counsel, calling on other Plaintiffs' counsel to delegate defined tasks as and if appropriate. If appointed as Interim Class Counsel, Proposed Class Counsel will implement a

standardized protocol for managing and reporting time and expenses incurred to prosecute the case efficiently, subject to this Court's authorization.

This litigation, against two of the largest technology companies in the word and involving highly technical issues, will involve significant discovery, motion practice, and expert work. To efficiently apportion resources and avoid duplication of efforts, Proposed Class Counsel will designate Bursor and Lieff Cabraser to oversee litigation against Meta, and Milberg and Ahdoot Wolfson to oversee the litigation against Google. Working in tandem, each pairing will coordinate day-to-day litigation efforts against their respective Defendant, with the four firms collaborating throughout to ensure that the whole litigation proceeds effectively and efficiently. Courts agree that four-firm leadership structures like the one proposed here can best serve the class's interests. *See, e.g.*, *Harrison v. Gen. Motors, LLC*, 2022 WL 1515535, at *1–2 (E.D. Mich. May 13, 2022) (appointing four firms as interim co-lead class counsel); *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 58–59 (E.D.N.Y. 2006) (same); *DDMB, Inc. v. Visa, Inc.*, 2021 WL 6221326, at *37–38 (E.D.N.Y. Sept. 27, 2021) (appointing four firms as co-lead class counsel). Moreover, Proposed Class Counsel have designed the leadership structure to avoid inefficiencies that can arise from larger leadership structures by providing clearly defined roles. *See In re Apple Inc. Device Performance Litig.*, 2018 WL 11360203, at *1–2 (N.D. Cal. May 15, 2018) (approving a leadership structure that promoted efficiency by "defining each member's role at the outset of the case").

Finally, support from other plaintiffs can demonstrate a team's ability to work cooperatively. *See In re Lenovo Adware Litig*., 2015 WL 10890657, at *2 (N.D. Cal. July 27, 2015). Proposed Class Counsel has the support of Carney, Bates & Pulliam, PLLC, an experienced and respected class action and privacy firm which filed the now-consolidated *Charles* action. This support further weighs in favor of appointing Proposed Class Counsel. *See In re Apple Inc. Device Performance Litig.*, 2018 WL 11360203, at *2 (appointing counsel that had "garner[ed] the support of a great number of colleagues and fellow counsel").

## IV. <u>CONCLUSION</u>

For the reasons set forth above, Plaintiffs respectfully request that the Court appoint Proposed Class Counsel as Interim Class Counsel to ensure the orderly prosecution of this litigation.

Dated: August 1, 2025

By: /s/ Philip L. Fraietta

**BURSOR & FISHER, P.A.**
Philip L. Fraietta (SBN 354768)
Yitzchak Kopel (*pro hac vice pending*)
Max S. Roberts (*pro hac vice pending*)
Victoria X. Zhou (*pro hac vice pending*)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail: pfraietta@bursor.com
ykopel@bursor.com
mroberts@bursor.com
vzhou@bursor.com

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (SBN 191626)
1990 North California Boulevard, 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com

*Attorneys for Plaintiff Rose and the Proposed Class*

By: /s/ Michael W. Sobol

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Michael W. Sobol (SBN 19485)
Michael K. Sheen (SBN 288284)
Amelia A. Haselkorn (SBN 339633)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008
E-Mail: msobol@lchb.com
msheen@lchb.com
ahaselkorn@lchb.com

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Douglas I. Cuthbertson (*admitted pro hac vice*)
250 Hudson Street, 8th floor
New York, NY 10013
Telephone: 212.355.9500
Facsimile: 212.355.9592
E-Mail: dcuthbertson@lchb.com

*Attorneys for Plaintiff Henderson and the Proposed Class*

Respectfully submitted,

By: /s/ William Edelman

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
Gary M. Klinger (*pro hac vice forthcoming*)
William Edelman (SBN 285177)
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
E-Mail: gklinger@milberg.com
wedelman@milberg.com

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
Heather Lopez (SBN 354022)
280 S. Beverly Drive
Beverly Hills, CA 90212
E-Mail: hlopez@milberg.com

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
Mariya Weekes (*pro hac vice forthcoming*)
333 SE 2nd Avenue, Suite 2000
Miami, FL, 33131
Tel: (786) 879-8200
Fax: (786) 879-7520
E-Mail: mweekes@milberg.com

*Attorneys for Plaintiff Ginder and the Proposed Class*

By: /s/ Tina Wolfson

**AHDOOT & WOLFSON, PC**
Tina Wolfson (SBN 174806)
Theodore W. Maya (SBN 223242)
Alyssa D. Brown (SBN 301313)
Sarper Unal (SBN 341739)
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505
Telephone: (310) 474-9111
Facsimile: (310) 474-8585
E-Mail: twolfson@ahdootwolfson.com
tmaya@ahdootwolfson.com
abrown@ahdootwolfson.com
sunal@ahdootwolfson.com

*Attorneys for Plaintiff Lee and the Proposed Class*

**SIGNATURE ATTESTATION**

I, Philip L. Fraietta, as the ECF user and filer of this document, attest pursuant to N.D. Cal. L.R. 5-1(i)(3) that each of the other signatories have concurred in the filing of the document.

Dated: August 1, 2025

By: *<u>/s/ Philip L. Fraietta</u>*
Philip L. Fraietta