1  Sabita J. Soneji (SBN 224262)
   ssoneji@tzlegal.com
2  **TYCKO & ZAVAREEI LLP**
   1970 Broadway – Suite 1070
3  Oakland, CA 94612
   Office: 510-254-6808
4
5  Katrina Carroll, Esq. (*pro hac vice forthcoming*)
   katrina@csclassactions.com
6  **CARROLL SHAMBERG LLC**
   111 West Washington Street Suite 1240
7  Chicago, IL 60602
   Office: 872-215-6205
   Mobile: 847-848-1384
8
   [*Additional counsel listed on signature page*]
9
   *Counsel for the Majority Plaintiffs and the Proposed Class*
10

11                    **UNITED STATES DISTRICT COURT**
                     **NORTHERN DISTRICT OF CALIFORNIA**
12

13 | *In re Meta Android Privacy Litigation* | |
14 | This Document Relates To: All Actions | Case No. 3:25-cv-04674-RFL |
15 | | |
16 | | |

17  **MOTION BY PLAINTIFFS JENNIFER VINCENT, WILLIAM BANEY, DAWN MONTANEZ, WILLIAM MARTIN, ELIZABETH MESSENGER, UGOCHUKWU ATULOBI, IVETH RODRIGUEZ, LORINE DERHAM, TATIANA BRODISKI, ARA SARDARBEGIANS, MARK CAMPLESE, JOANNE HARRIS, TERRY PAUL, AND JANET WOODWARD TO APPOINT MAJORITY PLAINTIFFS' GROUP AS INTERIM LEAD COUNSEL**

Complex litigation arising from illegal surveillance by powerful, well-resourced social media companies demands leadership by a coalition of top-tier privacy attorneys. While the Court will receive multiple applications for leadership from well-qualified counsel, none will have the efficiency of a two Co-Lead structure run by two female attorneys with decades of experience litigating some of the largest and earliest privacy matters on record, coupled with an efficiently managed Executive Committee enabling leadership to capitalize on their collective experience. Plaintiffs Vincent, Baney, Montanez, Martin, Messenger, Atulobi, Rodriguez, Derham, Brodiski, Sardarbegians, Camplese, Harris, Paul, and Woodward ("Majority Plaintiffs") request that the Court appoint the following attorneys to represent the proposed Class:

>**Interim Co-Lead Class Counsel:** Sabita J. Soneji of Tycko & Zavareei LLP and Katrina Carroll of Carroll Shamberg LLC[1]
>
>**Interim Plaintiffs' Executive Committee:** Yana Hart of Clarkson Law Firm (Plaintiff Vetting and Discovery), Daniel Kurowski of Hagens Berman (Offensive, Third-Party, and Expert Discovery), and Jordan Jacobson of Kessler Topaz Meltzer & Check (Law and Briefing).

This uniquely credentialed, majority-women team ("Majority Plaintiffs Group" or the "Group") brings a wealth of experience and leadership in national data privacy litigation and local practice. The Majority Plaintiffs Group are nationally recognized by their peers as leaders in the plaintiffs' class action bar and have an impressive track record of litigating complex privacy actions against mega social media companies—including Meta—and achieving significant results. *See, e.g.*, *Lundy v. Meta Platforms, Inc.* (No. 3:18-cv-6793, N.D. Cal.) (Ms. Soneji achieved a $37.5 million settlement against Meta for unauthorized location tracking); *In re: Tiktok, Inc. Consumer Privacy Litigation* (No. 20-cv-4699, N.D. Ill.) (as Co-Lead Counsel, Ms. Carroll achieved a landmark $92 million settlement for privacy violations).

The Group have already invested significant resources on behalf of the Class. Ms. Carroll and Ms. Soneji were the second and third, respectively, to file a complaint within three days of the first-filed *Rose* action. Ms. Carroll's Complaint was the first to name and assert claims against Google, expanding the potential relief available to the class. Further, their firms have retained consulting experts to assist

---

[1] Given the size and breadth of this litigation, which will likely involve extensive motion practice, voluminous discovery and expert coordination, a two Co-Lead and three-member Executive Committee structure is appropriate here. The Majority Plaintiffs Group has previously worked alongside most of the lawyers involved in this case and are happy to work with any additional Co-Lead counsel and/or Executive Committee member(s) the Court may appoint.

them in their investigation and technical analysis of their claims. The Majority Plaintiffs Group will bring the force of their experience and their firms' resources to bear on behalf of the Class.

## FACTS AND PROCEDURAL HISTORY

On June 3, 2025, cybersecurity researchers revealed that Meta had secretly tracked potentially billions of Android users. Using Facebook and Instagram mobile apps, Meta exploited vulnerability in Google's Android devices to spy upon users' mobile web browsing activities. Meta's invasive conduct shocked technology experts and the public at large with its disregard for consumer expectations and industry norms. The first Complaint in this consolidated action, *Rose v. Meta*, No. 3:25-cv-4674, was filed on June 3, 2025—the day the revelations came to light. Just *three days later*, on June 6, 2025, Plaintiffs Vincent, Baney and Montanez (represented by Ms. Carroll) and Martin (represented by Ms. Soneji) filed the second and third cases in this consolidated matter. The Majority Plaintiffs Group played a lead role in organizing attorneys on both sides to create an orderly process for the early stages of the case. On June 24, 2025, Ms. Carroll emailed plaintiffs' attorneys to discuss consolidation and early scheduling, bringing the group together for the first time. Thereafter, the Majority Plaintiffs Group collaborated with the rest of the plaintiffs' and defense counsel to achieve consensus. Attorneys from the Group advocated to ensure all Plaintiffs on file were included. Ms. Carroll worked cooperatively to include Google's counsel in this process. The Court entered the consolidation order on July 17, 2025. Dkt. 29. While complete consensus on interim leadership was not possible, the Majority Plaintiffs Group attorneys achieved the widest consensus, bringing together the majority of plaintiffs in support of this application, along with the support of their counsel.

## LEGAL STANDARD

Fed. R. Civ. P. 23(g)(3) allows the Court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." In doing so, courts look to Rule 23(g)(1)(A), see *In re Seagate Tech. LLC Litig.*, 2016 WL 3401989, at *2 (N.D. Cal. June 21, 2016), which directs the Court to consider the work counsel has done in identifying or investigating potential claims; counsel's experience; counsel's knowledge of the applicable law; and the resources that counsel will commit to the representation. The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

# ARGUMENT

When evaluating leadership, courts "conduct an independent review to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side and that their charges will be reasonable." Manual for Complex Litigation, § 10.22 (4th ed. 2004). Here, the Majority Plaintiffs Group is uniquely qualified. These attorneys have decades of experience litigating privacy matters. They are diverse, represent diverse Plaintiffs from California, Illinois, Pennsylvania, and Washington, have retained technical consultants, and have asserted claims against both Meta and Google, broadening the potential relief to the Class. They are thought leaders who have helped develop the law at the district and circuit court levels across the country. And Ms. Soneji practices before this Court every day, including serving as co-chair of the NDCA Lawyer Representative Committee, bringing intimate knowledge of applicable law and procedure in this Court.

## I. The Majority Plaintiffs Group have performed a thorough investigation and are committed to advancing this litigation.

The Majority Plaintiffs Group have already worked hard to advance this litigation:

***Factual and legal research.*** The Group have independently investigated the facts surrounding Meta's unauthorized android tracking, including reviewing publicly available reporting on the practices, consulting cybersecurity research, and interviewing consumers. They have researched applicable industry standards and relevant state and federal law governing data privacy and illicit tracking and its specific application to Meta and Google's misconduct here. Ms. Carroll's action was the first to name Google as a defendant, helping to ensure full relief for the Class and reduce the risk of duplicative litigation as a matter of judicial efficiency.

***Drafting detailed complaints.*** The Group have drafted detailed complaints, representing fourteen plaintiffs, which incorporate the factual and legal research described above.

***Coordinating with other plaintiffs' counsel.*** Ms. Carroll took the lead in coordinating with other plaintiffs' counsel to kick off the joint consolidation effort. Since then, the Group worked cooperatively with all other plaintiffs' counsel to have these cases consolidated. They have also earned the support of counsel for the majority of the plaintiffs. This is itself a true testament to the Group's ability to organize and willingness to work closely with all counsel – a showing courts have found persuasive in contested

leadership proceedings like this. *See, e.g.*, *In re Google Inc. Cookie Placement Consumer Priv. Litig.*, No. MDL CIV. 12-2358-SLR, 2012 WL 5833604, at *2 (D. Del. Nov. 16, 2012) (finding that group representing 16 of 24 cases made a "stronger showing under Rule 23(g)(1)(A)(i) and (iv)"). Of course, the Group will continue to collaborate with all counsel.

***Researching and retaining experts.*** The Group have already begun working with experienced privacy experts to substantiate their claims and pursue them comprehensively in discovery.

***Preparing for cost-effective litigation.*** Ms. Soneji and Ms. Carroll have proven management and leadership capabilities from other large privacy litigations. They will establish a billing protocol and will monitor all counsel to keep costs to a minimum. They also propose specific supporting roles for the Interim Executive Committee, to avoid duplication of effort while still capitalizing on multiple perspectives and unique experiences.

## II. The Majority Plaintiffs Group have superior expertise in complex privacy litigation, including against Meta.

A primary factor in selecting interim lead counsel is experience, skill, knowledge, and familiarity with the relevant law. Fed. R. Civ. P. 23(g)(1)(ii). Because privacy cases are highly technical, appointing interim counsel with experience in privacy litigation is essential to protect the Class. The Group and their firms have extensive experience leading and litigating privacy matters, including against Meta and other mega defendants. *See* **Exhibits A-E (firm resumes).** The structure of two Co-Leads with an executive committee has been approved in privacy cases across the country, including another ongoing privacy case against Meta—*In re Meta Pixel Healthcare Litigation*, No. 3:22-cv-3580 (N.D. Cal.) (Dkt. 158).

**Sabita J. Soneji (Proposed Co-Lead).** Ms. Soneji is a senior partner at the California office of Tycko & Zavareei LLP. Chair of the firm's Privacy and Data Breach Group, Ms. Soneji is recognized as one of the most respected data privacy attorneys in the United States; she was awarded the California Legal Award for Distinguished Leaders (2024), selected as one of Lawdragon's 500 Leading Consumer Lawyers in America for her accomplishments in privacy litigation (2025), nominated for the National Law Journal's Elite Trial Lawyer's Award in Data Privacy (2025), and recently elected to American Law Institute (ALI). Ms. Soneji has successfully led and resolved numerous class actions and multidistrict litigations, including *In re T-Mobile Customer Data Security Breach Litigation* (No. 4:21-MD-03019-

BCW, W.D. Mo.), one of the largest data breach cases in history, securing a $500 million settlement, including a $350 million cash fund, finalized in June 2023. In February 2024, as Co-Lead Counsel, she achieved final approval of a $37.5 million settlement in *Lundy v. Meta Platforms, Inc.* (No. 3:18-cv-6793, N.D. Cal.) for unauthorized location tracking. Because of her talent, dedication, and commitment to efficiency, Ms. Soneji has been appointed to help lead MDL and other consolidated actions on behalf of consumers hurt by corporate collection, exploitation, and failure to protect sensitive and private data. One example is her appointment as Track Co-Lead Counsel in *In re: Consumer Vehicle Driving Data Tracking Collection*, No. 1:24-MD-3115-TWT (N.D. Ga.), an MDL consolidating claims against General Motors and credit reporting agencies for surreptitious collection, sale, and sharing of GM consumers' driving and personally identifying data, often resulting in increased insurance rates for those customers. Leading this case requires Ms. Soneji to deftly navigate arbitration clauses, jurisdictional challenges, and cutting-edge privacy claims, all on behalf of the consumers she represents.

As Track Co-Lead Counsel in *In Re: Fortra File Transfer Software Data Security Breach Litigation*, No. 1:24-md-03090-RAR (S.D. Fla.), an MDL for claims arising from a massive data breach involving multiple defendants and in which a settlement was reached in February 2025, Ms. Soneji managed multiple firms, coordinated with other Tracks, and oversaw and contributed to all aspects of the case work. Ms. Soneji helped lead the case to settlement in February 2025. Because of her exceptional track record in data privacy litigation, Ms. Soneji has been appointed to help lead high-profile data privacy cases across the country.[2]

As a first-generation Indian American, Ms. Soneji brings a unique and diverse perspective to leadership teams. Her firm shares this commitment to diversity and was recognized with the 2022 Diversity Initiative Award by *The National Law Journal's Elite Trial Lawyers* program. Ms. Soneji's resume is attached as **Exhibit A.**

---

[2] *See In re Samsung Customer Data Security Breach Litigation* (No. 1:23-md-03055-CPO, D.N.J.) – Chair of Law and Briefing; *In re HCA Healthcare, Inc. Data Security Litigation* (No. 3:23-CV-684, M.D. Tenn.) – Chair of Law and Briefing; *In re Harvard Pilgrim Data Security Incident* (No. 23-11211-NMG, D. Mass.) – Executive Committee (settlement reached in October 2024); and other appointments in Ex. A.

**Katrina Carroll (Proposed Co-Lead)**. Ms. Carroll is a founding partner of her firm, Carroll Shamberg LLC, and has litigated class actions for twenty-five years. Over the course of her career, she has litigated over *one hundred class actions*, recovering more than $1 billion for clients and class members. In 2023, *The National Law Journal* named her an Elite Woman Trial Lawyer of the plaintiffs' bar. She is also recognized by *Forbes* as a "Best In-State" lawyer and by the National Trial Lawyers Association as one of the top 25 class action trial lawyers in the State of Illinois. Ms. Carroll has years of experience speaking on various class action topics nationally and currently serves on the Advisory Board of Loyola University School of Law's Institute for Consumer Antitrust Studies. She is well-credentialed and a recognized leader in the class action space.

In *In re TikTok Consumer Privacy Litig.*, 1:20-cv-04699 (N.D. Ill.), a complex data privacy MDL involving the popular social media app, the Honorable John Z. Lee personally appointed Ms. Carroll to serve as Co-Lead Counsel after a hotly contested leadership process. She was one of the chief negotiators of the settlement, oversaw the briefing and was responsible for presenting all settlement-related arguments, ultimately achieving a $92 million recovery and one of the largest privacy settlements on record.

Last year, in *Howell et al. v. Bumble Trading L.L.C. et al.*, No. 2021-L-307 (Cir. Ct. Winnebago Cnty., Ill.), Ms. Carroll served as Co-Lead Counsel in a privacy litigation relating to the Bumble and Badoo dating apps and their handling of user photographs. Ms. Carroll achieved a $40 million recovery for the class of Illinois residents, another landmark privacy settlement in the state.

In the data breach space, Ms. Carroll litigated some of the earliest cases on record. She was personally appointed by the Honorable John A. Ross of the Eastern District of Missouri to Plaintiffs' Steering Committee in *In re Ashley Madison Customer Data Security Breach Litigation*, No. 4:15-md-2669 (E.D. Mo.), the MDL involving the highly publicized data breach at Ashley Madison. Ms. Carroll also served as Court-appointed Co-Lead Counsel in *Lewert v. PF Chang's China Bistro, Inc.*, No. 1:14-cv-04787 (N.D. Ill.), one of the first data breach cases on record, ultimately obtaining a landmark ruling in the Seventh Circuit on Article III standing, hailed by Law360 as one of the "top privacy cases" of 2016. As shown in Ms. Carroll's individual and firm resumes, attached hereto as **Exhibit B**, these successes are just to name a few.

**Yana Hart (Proposed Executive Committee).** Yana Hart immigrated from Kazakhstan and Russia as a teenager who could not speak English. With little money or family support, she prioritized her education and worked odd jobs to pay for college tuition and room and board. The embodiment of hustle and perseverance, Yana graduated at the top of her undergraduate class and decided to go to law school. Near the end of her 3L year, the law school dean called Yana to notify her of an honor she had earned, but Yana had to consult a dictionary to learn the meaning of the word: "Valedictorian." In the span of a decade, Yana earned top educational honors, mastered the English language, became a proud U.S. citizen, and began her successful career as a public interest lawyer, fighting for the underdogs. Yana is now a partner at Clarkson, a national public interest law firm of 25 lawyers, where she oversees the Data Privacy Litigation department. For about a decade, she has represented plaintiffs in hundreds of cases, with the significant majority in federal courts throughout the nation, and has overseen many complex privacy class actions.[3] Yana also demonstrated leadership through versatile experience in complex cases involving surreptitious tracking of browsing data by multiple hospitals in collaboration with Meta. Her privacy experience is complemented by deep experience at every functional stage of the litigation process. She has litigated many complex consumer class actions nearly through trial, and also has successfully briefed appeals in both federal and state courts. Clarkson deliberately maintains a limited number of cases to ensure Yana can commit the necessary time and resources to handle matters through trial and appeal, as required, and otherwise fully litigate important matters like this one.

**Daniel Kurowski (Executive Committee).** Hagens Berman Sobol Shapiro LLP ("HBSS") maintains a consistent presence at the top of the nationwide class action plaintiffs' bar by focusing on one purpose: obtaining justice for class members. That focus has resulted in the recovery of more than

---

[3] *See* Clarkson's Firm Resume, **Exhibit** C, for more detail. Most recently, Yana Hart was appointed to the Plaintiffs' Steering Committee in a data breach MDL case involving exposure of millions of students' and teachers' sensitive personal data. *In re PowerSchool Holdings Customer Security Breach Litigation*, No. 3:25-cv-3149 (S.D. Cal. 2025). This follows recent appointments as co-lead in other privacy cases. *See G.E. Stiiizy, Inc.,* 2:25-cv-00490 (C.D. Cal. 2025) (appointed as co-lead counsel involving disclosure of sensitive medical and personal information); *Rouillard et al. v. SAG-AFTRA Health Plan,* 2:24-cv-10503 (C.D. Cal. 2025) (same); *In re Dropbox Sign Data Breach Litigation,* No. 4:24-cv-02637-JSW (N.D. Cal. May 2, 2024) (same).

$320 billion via large-scale, complex litigation. *See* Firm Resume, **Exhibit D**. Daniel Kurowski, Managing Partner of the firm's Chicago office and Co-Chair of the firm's Data Privacy and Data Breach Practice Group, brings 20 years of federal and class action experience to the team. His depth of experience uniquely qualifies him to help steer novel data privacy litigation to favorable resolution and will make him an asset to the PSC here. Mr. Kurowski works closely with HBSS attorneys appointed in active data breach and data privacy matters such as *In re MOVEit Customer Data Security Breach Litigation*, MDL No. 1:23-md-0383-ADB (D. Mass.), believed to be the largest data breach MDL in history, *In re PowerSchool Holdings, Inc. Customer Data Security Breach Litigation*, No. 3:25-md-03149-BEN-MSB (S.D. Cal), and *Cherkin, et al. v. PowerSchool Holdings, Inc.*, No. 3:24-cv-02706-JD (N.D. Cal). Moreover, his settlement history demonstrates the ability of his teams to deliver real benefits to clients, with over $157 million obtained to date. HBSS's work here will be furthered by associate Whitney K. Siehl, Co-Chair of the Data Privacy and Data Breach Practice Group. She is serving as the firm's main associate in the *In re: MOVEit Customer Data Breach Security Litigation, In re PowerSchool Holdings, Inc. Customer Data Security Breach Litigation,* and *Cherkin, et al. v. PowerSchool Holdings, Inc.*, matters identified above. In addition to her strong legal ability, Ms. Siehl is a leader in the community, serving as Past President of the Women's Bar Association of Illinois 2023-2024.

**Jordan Jacobson (Executive Committee).** With nearly 100 attorneys, Kessler Topaz Meltzer & Check LLP ("KTMC") is one of the nation's largest firms specializing in complex class action litigation. KTMC has successfully prosecuted (and is currently prosecuting) some of the largest and most complex class actions in U.S. history and has recovered billions on behalf of the clients and classes it represents. *See* Firm Resume, **Exhibit E.** With regard to data breach and privacy actions, KTMC played a central role in certifying a nationwide class in *In re Target Data Breach*, No. 0:14-md-2522 (D. Minn.), which led to a $39 million settlement, and currently serves as Interim Co-Lead Class Counsel in *Doe v. Kaiser Foundation Health Plan, et al.*, No. 23-cv-2865-EMC (N.D. Cal.), which involves alleged misuse of data-tracking code similar to Meta Pixel. These efforts indicate KTMC's commitment to litigating complex class actions against large well-funded defendants and its expertise in and skillful maneuver of data privacy cases. KTMC operates efficiently and always funds its cases; it does not rely on third-party litigation funders.

Jordan E. Jacobson, counsel at KTMC, brings over a decade of legal experience and represents a diverse leadership voice.[4] She clerked for the Honorable Deborah J. Saltzman, in the Central District of California, and litigates complex class actions in California state and federal courts, and federal courts across the country. She is actively involved in cases from inception through trial, and has played an integral role in complex consumer class actions, such as *Doe v. Kaiser,* and *Elec. Welfare Tr. Fund v. United States*, No. 1:19-cv-00353 (Fed. Cl.), in which the firm won a $185 million judgment for class members following the government's wrongful seizure of funds pursuant to the Affordable Care Act. She also has experience litigating against Meta Platforms, Inc. in *In re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, No. 4:22-md-03047 (N.D. Cal.).

### III. The Majority Plaintiffs Group have substantial knowledge of applicable law.

The consolidated cases implicate fundamental privacy and consumer protection laws, which are constantly evolving. As described above, the Majority Plaintiffs Group's substantial knowledge and proven expertise in these evolving areas favors their appointment under Fed. R. Civ. P. 23(g)(1)(A)(iii).

### IV. The Majority Plaintiffs Group will contribute the resources necessary to prosecute this complex and important litigation.

The final Rule 23(g) factor, which concerns the resources counsel will commit to the case, also strongly supports the appointment of the Majority Plaintiffs Group. *See* Fed. R. Civ. P. 23(g)(1)(A)(iv). As with experience, the Majority Plaintiffs Group's resources are significant (without reliance on litigation funding) and they are fully prepared to match any well-funded defense. Each attorney is associated with a successful law firm with the financial resources to pursue a case of this magnitude. They will contribute the resources necessary to prosecute this litigation. The group, including Ms. Soneji and Ms. Carroll, have the time and support of their firms to devote to pursuing this matter.

### V. Additional factors support appointing the Majority Plaintiffs Group.

Additional factors support appointment here. First, counsel will work well as a team, with opposing counsel, and with the Court. The role of leadership in complex litigation places a premium on

---

[4] Diversity is an important factor in establishing leadership positions. *See* Ex. E-1, Transcript dated Nov. 16, 2023, at 36, *In re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, No. 4:22-md-03047 (N.D. Cal.) (Judge Gonzalez Rogers noting: "So I have concerns about the bar always picking the same people … it's important to have a variety of people at the table.").

professionalism, cooperation, courtesy, and acceptance of the obligations owed as officers of the Court, all of which are critical to the successful management of the litigation. The Majority Plaintiffs Group have achieved successes together and with the other plaintiffs' attorneys on file and are open to the Court appointing any other qualified attorneys to the team.

In addition, courts recognize the "obvious social value in promoting diversity within the ranks of the legal profession" and the benefit firms who show a commitment to diversity will inure to "putative absent class members." *City of Providence v. AbbVie Inc.*, 2020 WL 6049139, at *6 (S.D.N.Y. Oct. 13, 2020). A leadership slate should "responsibly and fairly represent all plaintiffs, keeping in mind the benefits of diversity of experience, skills, and background." Duke Guidelines (Best Practice 3C). Here, the Majority Plaintiffs Group offer tremendous experience and results, and they bring diversity of representation in terms of age, gender, and race, which will benefit the proposed Class. A majority-woman leadership team is a rarity in complex litigation such as this, which also weighs in favor of appointing the Majority Plaintiffs Group.

Equally important the Majority Plaintiffs Group balances seasoned attorneys with proven track record and early-career lawyers offering fresh perspectives, ensuring meaningful roles for all.

## CONCLUSION

Ultimately, the court's task in deciding these motions is "to protect the interests of the plaintiffs, not their lawyers." *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 2006 WL 2038650, at *4 (E.D.N.Y. Feb. 24, 2006). Here, the case will be best served by appointing the team that represents the majority of plaintiffs on file, is experienced, has ample resources, are most knowledgeable in the areas of relevant law, and have an established presence in this District. The Court should appoint Sabita J. Soneji and Katrina Carroll as Interim Co-Lead Class Counsel, and Yana Hart, Daniel J. Kurowski, and Jordan Jacobson as the Interim Plaintiffs' Executive Committee.

DATED: August 1, 2025                    Respectfully submitted,

/s/*Sabita J. Soneji*
Sabita J. Soneji (SBN 224262)
*ssoneji@tzlegal.com*
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, CA 94612
Telephone: 510-254-6808

Katrina Carroll (*pro hac vice forthcoming*)
*katrina@csclassactions.com*
**CARROLL SHAMBERG LLC**
111 West Washington Street, Suite 1240
Chicago, IL 60602
Office Telephone: 872-215-6205
Mobile Telephone: 847-848-1384

Matthew W. Ruan
*mruan@fklmlaw.com*
**FREED KANNER LONDON & MILLEN LLC**
100 Tri-State International, Suite 128
Lincolnshire, IL 60069
Telephone: (224) 632-4500
Facsimile: (925) 407-2700

Ryan J. Clarkson (SBN 257074)
Yana A. Hart (SBN 306499)
Bryan P. Thompson (SBN 354683)
*rclarkson@clarksonlawfirm.com*
*yhart@clarksonlawfirm.com*
*bthompson@clarksonlawfirm.com*
**CLARKSON LAW FIRM, P.C.**
22525 Pacific Coast Highway
Malibu, CA 901265
Telephone: (213) 788-4050

Jennifer L. Joost (SBN 296164)
*jjoost@ktmc.com*
**KESSLER TOPAZ
MELTZER & CHECK LLP**
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

Jordan Jacobson (*pro hac vice* forthcoming)
*jjacobson@ktmc.com*
Joseph H. Meltzer (*pro hac vice* forthcoming)
*jmeltzer@ktmc.com*
Melissa L. Yeates (admitted *pro hac vice*)
*myeates@ktmc.com*
Tyler S. Graden (admitted *pro hac vice*)
*tgraden@ktmc.com*
**KESSLER TOPAZ
MELTZER & CHECK LLP**
280 King of Prussia Road

Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

James E. Cecchi (*pro hac vice* forthcoming)
*jcecchi@carellabyrne.com*
Kevin G. Cooper (*pro hac vice* forthcoming)
*kcooper@carellabyrne.com*
**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973)-994-1700
Facsimile: (973)-994-1744

Shana E. Scarlett (SBN 217895)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 300
Berkeley, California 94710
Telephone: (510) 725-3000
shanas@hbsslaw.com

Daniel J. Kurowski (admitted *pro hac vice*)
Whitney K. Siehl (admitted pro *hac vice*)
*dank@hbsslaw.com*
*whitneys@hbsslaw.com*
**HAGENS BERMAN SOBOL SHAPIRO LLP**
455 N. Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949

*Counsel for the Majority Plaintiffs*