**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Valerie Roddy (CA Bar No. 235163)
valerieroddy@quinnemanuel.com
Teuta Fani (CA Bar No. 360443)
teutafani@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
Fax: (312) 705-7401

Taylor Ross (admitted *pro hac vice*)
taylorross@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, New York 10016
Tel: (212) 849-7000
Fax: (212) 849-7100

*Attorneys for Defendant Google LLC*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| *In re Meta Android Privacy Litigation*<br><br>This document Relates to:<br>All Actions | Case No. 3:25-cv-04674-RFL<br><br>**DEFENDANT GOOGLE LLC'S NOTICE OF MOTION AND MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>The Honorable Rita F. Lin<br><br>Courtroom: Courtroom 15, 18th Floor<br>Date: March 24, 2026<br>Time: 10:00 a.m.<br><br>Complaint Filed: November 26, 2025<br>Trial Date: None Set |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, on March 24, 2026 the undersigned will appear before the Honorable Rita F. Lin of the United States District Court for the Northern District of California at the San Francisco Courthouse, Courtroom 15, 18th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, and shall then and there present Defendant Google LLC's ("Google") Motion to Dismiss (the "Motion").

The Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the accompanying Request for Judicial Notice, the Declaration of Viola Trebicka and exhibits attached thereto, the pleadings and other papers on file in this action, any oral argument, and any other evidence that the Court may consider in hearing this Motion.

## ISSUE PRESENTED

Whether the Complaint, along with the documents incorporated by reference and/or subject to judicial notice, fails to state a claim upon which relief can be granted against Google, thus warranting dismissal of the claims against Google under Rule 12(b)(6).

## RELIEF REQUESTED

Google respectfully requests that the Court dismiss the claims against Google with prejudice.

DATED:  January 30, 2026                    Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  _/s/ Viola Trebicka_

Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Valerie Roddy (CA Bar No. 235163)
valerieroddy@quinnemanuel.com
Teuta Fani (CA Bar No. 360443)
teutafani@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel:  (213) 443-3000
Fax:  (213) 443-3100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel:  (312) 705-7400
Fax:  (312) 705-7401

Taylor Ross (admitted *pro hac vice*)
taylorross@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, New York 10016
Tel:  (212) 849-7000
Fax:  (212) 849-7100

*Attorneys for Defendant Google LLC*

**TABLE OF CONTENTS**

Page

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................1

PRELIMINARY STATEMENT ..............................................................................................1

BACKGROUND AND PLAINTIFFS' ALLEGATIONS.........................................................2

    A.    Meta's Alleged Circumvention of Android's Security Protections .........................2

    B.    Plaintiffs Assert Only Two Claims Against Google ................................................3

ARGUMENT .........................................................................................................................6

I.    PLAINTIFFS FAIL TO STATE A NEGLIGENT MISREPRESENTATION CLAIM ..............................................................................................................................6

    A.    Plaintiffs' Allegations Fail Under Rule 9(b) ............................................................6

    B.    Plaintiffs Also Fail to State a Claim Under Rule 8(a)(2) ..........................................7

        1.    Plaintiffs Have Not Identified Any Actionable Misrepresentation ...............8

        2.    Plaintiffs Fail to Allege Reliance Plausibly ................................................10

        3.    Plaintiffs Fail to Adequately Allege Google Lacked Reasonable Grounds to Believe the Challenged Statements Were True .........................11

II.    PLAINTIFFS FAIL TO STATE A CLAIM FOR NEGLIGENCE ....................................13

    A.    No Duty to Protect Plaintiffs from Intentional Misconduct of Another .................13

    B.    Plaintiffs Have Not Plausibly Alleged a Breach of Duty.......................................14

    C.    Meta's Alleged Intentional Misconduct Is a Superseding Cause That Defeats Causation ................................................................................................16

III.    THE COURT SHOULD DISMISS THESE CLAIMS WITH PREJUDICE ......................18

CONCLUSION ....................................................................................................................19

**TABLE OF AUTHORITIES**

**Page**

**Cases**

*Al Shikha v. Lyft, Inc.*,
102 Cal. App. 5th 14 (2024) ............................................................................................... 17

*In re Alphabet, Inc. Securities Litigation*,
1 F.4th 687 (9th Cir. 2021) ............................................................................................ 9, 10

*Ash v. N. Am. Title Co.*,
223 Cal. App. 4th 1258 (2014) ........................................................................................... 16

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ....................................................................................................... 2, 8

*Avakian v. Wells Fargo Bank, N.A.*,
827 F. App'x 765 (9th Cir. 2020) ..................................................................................... 6, 7

*Backhaut v. Apple, Inc.*,
74 F. Supp. 3d 1033 (N.D. Cal. 2014) ................................................................................ 10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ............................................................................................................ 8

*Bodenburg v. Apple Inc.*,
146 F.4th 761 (9th Cir. 2025) .............................................................................................. 7

*C.I. v. San Bernardino City Unified Sch. Dist.*,
82 Cal. App. 5th 974 (2022) ............................................................................................... 17

*Dey v. Robinhood Markets, Inc.*,
780 F. Supp. 3d 882 (N.D. Cal. 2025) (Lin, J.) ................................................... 6, 7, 8, 10, 11

*Diamond v. Grow*,
243 Cal. App. 2d 396 (1966) .............................................................................................. 15

*Girard v. Delta Towers Joint Venture*,
20 Cal. App. 4th 1741 (1993) ............................................................................................. 14

*Glen Holly Ent. v. Tektronix, Inc.*,
100 F. Supp. 2d 1086 (C.D. Cal. 1999) ............................................................................. 8, 9

*Government Employees. Provident Fund Management. Co. v. Alphabet Inc.*,
2024 WL 4353637 (N.D. Cal. Sept. 3, 2024) ...................................................................... 10

*Harding v. Lifetime Fin., Inc.*,
109 Cal. App. 5th 753 (2025) ............................................................................................. 13

*Harris-Scott v. Immelt,*
  2013 WL 369013 (N.D. Cal. Jan. 29, 2013) .............................................................................. 13

*Hessefort v. Super Micro Computer, Inc.,*
  2020 WL 1551140 (N.D. Cal. Mar. 23, 2020) .......................................................................... 12

*Higginbotham v. Baxter International, Inc.,*
  495 F.3d 753 (7th Cir. 2007).................................................................................................... 12

*Hockey v. Medhekar,*
  30 F. Supp. 2d 1209 (N.D. Cal. 1998) ........................................................................................ 8

*Impac Warehouse Lending Grp. v. Credit Suisse First Boston LLC,*
  270 F. App'x 570 (9th Cir. 2008)............................................................................................. 14

*Kearns v. Ford Motor Co.,*
  567 F.3d 1120 (9th Cir. 2009).................................................................................................... 7

*Kelley v. Rambus, Inc.,*
  384 F. App'x 570 (9th Cir. 2010)............................................................................................... 6

*Ladd v. County of San Mateo,*
  12 Cal. 4th 913 (1996).............................................................................................................. 13

*Leadsinger, Inc. v. BMG Music Pub.,*
  512 F.3d 522 (9th Cir. 2008).................................................................................................... 18

*Lopez v. Nissan N. Am., Inc.,*
  201 Cal. App. 4th 572 (2011)................................................................................................... 15

*Metzler Inv. GMBH v. Corinthian Colleges, Inc.,*
  540 F.3d 1049 (9th Cir. 2008).................................................................................................. 18

*Mosco v. Motricity, Inc.,*
  649 F. App'x 526 (9th Cir. 2016)............................................................................................... 8

*Nguyen v. Endologix, Inc.,*
  962 F.3d 405 (9th Cir. 2020).................................................................................................... 18

*Nor-Cal Moving Servs. v. Paylocity Corp.,*
  2025 WL 2076620 (N.D. Cal. July 23, 2025) ....................................................................... 8, 9

*Ochoa v. Zeroo Gravity Games LLC,*
  2023 WL 4291974 (C.D. Cal. Feb. 1, 2023)............................................................................. 7

*In re Palo Alto Networks, Inc. Sec. Litig.,*
  2025 WL 1093247 (N.D. Cal. Apr. 11, 2025) ........................................................................... 8

*Patel v. Citibank Corp.,*
  2019 WL 7987113 (C.D. Cal. Sept. 27, 2019).......................................................................... 14

*Perez v. VAS S.p.A.*,
  188 Cal. App. 4th 658 (2010), *as modified* (Sept. 17, 2010) .................................................. 16

*Pham v. Overton Sec. Servs., Inc.*,
  718 F. Supp. 3d 1023 (N.D. Cal. 2024) ................................................................................ 13

*Pugh v. Trib. Co.*,
  521 F.3d 686 (7th Cir. 2008) ................................................................................................ 12

*Puri v. Khalsa*,
  674 F. App'x 679 (9th Cir. 2017) ........................................................................................... 6

*Richter v. CC-Palo Alto, Inc.*,
  176 F. Supp. 3d 877 (N.D. Cal. 2016) ................................................................................... 9

*River Supply, Inc. v. Oracle Am., Inc.*,
  2023 WL 7346397 (N.D. Cal. Nov. 6, 2023) ......................................................................... 9

*Rosenbaum v. City of San Jose*,
  2021 WL 6092205 (N.D. Cal. Dec. 23, 2021) ..................................................................... 15

*Sampson v. Ukiah Valley Med. Ctr.*,
  2015 WL 13661551 (N.D. Cal. Sept. 10, 2015) ................................................................... 15

*Stearns v. Select Comfort Retail Corp.*,
  2009 WL 1635931 (N.D. Cal. June 5, 2009) ........................................................................ 12

*Toomer v. United States*,
  615 F.3d 1233 (9th Cir. 2010) .............................................................................................. 13

*TransFresh Corp. v. Ganzerla & Assoc., Inc.*,
  862 F. Supp. 2d 1009 (N.D. Cal. 2012) ................................................................................. 7

*Tung v. Chicago Title Co.*,
  63 Cal. App. 5th 734 (2021) ................................................................................................. 17

*United States v. Pineda-Doval*,
  614 F.3d 1019 (9th Cir. 2010) .............................................................................................. 17

*Veal v. LendingClub Corp.*,
  423 F. Supp. 3d 785 (N.D. Cal. 2019) ................................................................................... 9

*Villarroel v. Recology Inc.*,
  775 F. Supp. 3d 1050 (N.D. Cal. 2025) ............................................................................... 10

*Welte v. Wells Fargo Bank Nat'l Assoc.*,
  189 F. Supp. 3d 965 (C.D. Cal. 2016) .................................................................................. 14

*Wescott v. Google LLC*,
  2024 WL 735135 (N.D. Cal. Feb. 22, 2024) ........................................................................ 15

*Williams v. Fremont Corners, Inc.*,
  37 Cal. App. 5th 654 (2019).............................................................................................. 17

*In re Yahoo! Inc. Customer Data Sec. Breach Litig.*,
  2017 WL 3727318 (N.D. Cal. Aug. 30, 2017)..................................................................... 10

*Ziencik v. Snap, Inc.*,
2024 WL 6846238, (C.D. Cal. Jan. 19, 2024)...................................................................... 13, 14

*Zucco Partners, LLC v. Digimarc Corp.*,
  552 F.3d 981 (9th Cir. 2009)........................................................................................... 18, 19

## Other Authorities

Fed. R. Civ. P. 8 ............................................................................................................................. 1

Fed. R. Civ. P. 9 ............................................................................................................... 1, 6, 7, 8

Fed. R. Evid. 407............................................................................................................................ 12

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## **PRELIMINARY STATEMENT**

Plaintiffs seek to hold *Google* liable for what they claim was a deliberate scheme by *Meta* to circumvent Android's privacy protections. Yet Plaintiffs do not (nor can they) plead that Google knew of, much less participated in or benefited from, the alleged scheme. Plaintiffs' dissatisfaction with Google for failing to prevent what they allege is a sophisticated, concealed, and evolving scheme hatched by someone else does not rise to a cognizable legal claim. The fatal defects in the only two claims Plaintiffs assert against Google—negligence and negligent misrepresentation—are readily apparent on the face of Plaintiffs' complaint, warranting dismissal with prejudice as to Google.

First, Plaintiffs' negligent misrepresentation claim fails because Plaintiffs do not plead it with the specificity Rule 9(b) requires and, separately, fail to plead essential elements of this claim even under Rule 8. Plaintiffs do not allege any statement was false when made, premise their claim on non-actionable puffery, cannot show any Plaintiff actually read or relied on the statements at issue, and provide no plausible basis for their assertion that Google lacked reasonable belief in the truth of its statements about Android's security features when they were made. Rather, Plaintiffs allege fraud by hindsight: Because Meta eventually circumvented Android's security features, Plaintiffs contend, Google's earlier statements related to security must have been false. But allegations that a determined third party found a way to exploit a system does not retroactively render misleading claims the system was secure. Nor does Google's implementation of additional protections after researchers allegedly exposed the scheme support liability: As remedial measures are inadmissible to prove liability, they likewise cannot state a basis for a claim.

Second, Plaintiffs' negligence claim also fails because Plaintiffs do not (and cannot) allege the required elements of duty, breach, and causation. Plaintiffs cannot establish Google owed them a duty to protect against Meta's alleged intentional misconduct, and the law does not recognize any special relationship between technology companies and software end-users that would create a legal duty where none otherwise exists. Plaintiffs have also failed to allege any breach of any duty, since

California law does not impose liability for failing to prevent alleged third party conduct that is neither foreseeable nor within a defendant's control. Plaintiffs clearly and specifically allege that Meta—not Google—designed, implemented, and concealed the tracking scheme at issue, refining its techniques to evade detection. The security researchers who authored the report on which Plaintiffs base their claims described Meta's approach as "novel," and even website developers allegedly remained unaware of Meta's conduct for nearly a year. Finally, Meta's alleged intentional misconduct is also a superseding cause of Plaintiffs' harm that breaks any chain of causation: Plaintiffs allege a deliberate exploitation of legitimate system functionality through repeated modifications and active concealment by Meta, which is precisely the type of extraordinary conduct courts recognize as unforeseeable and superseding.

Plaintiffs have failed to state a claim against Google despite having skilled counsel, resources, and a wealth of published information from which to draw. Their failure is not surprising: The source of Plaintiffs' alleged harm is Meta, not Google. There is nothing new Plaintiffs can allege that would change that. The Court should dismiss both claims against Google with prejudice.

## BACKGROUND AND PLAINTIFFS' ALLEGATIONS[1]

### A.    Meta's Alleged Circumvention of Android's Security Protections

Meta operates Facebook and Instagram (among other properties), monetizing user data through targeted digital advertising. Compl. ¶¶ 12, 18. To facilitate this business, Meta provides the "Meta Pixel," embedded code that collects visitor information from websites, including URLs visited, search queries, webpage actions, and form field contents. *Id.* ¶¶ 20-21, 24.

Google develops and distributes the Android mobile operating system, which powers billions of mobile devices globally, and allows third-party app downloads on Android phones through Google Play. *Id.* ¶¶ 75-76. Android's sandboxing architecture—which silos apps to prevent unauthorized cross-app access—ordinarily prevents the Meta Pixel from collecting Facebook or

---

[1] For purposes of this Motion only, Google accepts as true the factual allegations in the Complaint and draws all reasonable inferences in Plaintiffs' favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This does not constitute an admission of these allegations, and Google expressly reserves the right to disprove these allegations at a later stage if necessary.

Instagram identifiers when users access these platforms exclusively through mobile apps. *Id.* ¶¶ 1-5, 25, 51. This protection prevents Meta from "directly identifying and targeting many Android mobile device users as they browse online." *Id.* ¶ 3. "By default," apps cannot interact with each other and have limited operating system access. *Id.* ¶ 51.

On June 3, 2025, security researchers announced their finding that between September 2024 and at least June 2, 2025, Meta systematically exploited Android communication channels to defeat these protections. *Id.* ¶ 4. Meta allegedly: (1) modified its Meta Pixel to route browsing identifiers through localhost ports on Android devices; (2) instructed Facebook and Instagram apps to collect those identifiers; and (3) linked them to users' Meta account information, rendering anonymous browsing activity "non-anonymous and identifiable." *Id.* ¶¶ 4, 49. Meta allegedly exploited localhost ports—internal channels designed for safe inter-program communication—to "get around the sandboxing security protocols" and match web browsing directly to user profiles. *Id.* ¶¶ 52-53. Plaintiffs allege Meta "knowingly circumvented" sandboxing principles and "deliberately changed its methods for transmitting [users' browsing-related] information . . . to overcome sandboxing restrictions and data privacy settings." *Id.* ¶¶ 1, 56.

### B. Plaintiffs Assert Only Two Claims Against Google

**<u>Negligence (Count X).</u>** Plaintiffs allege Google owed them a duty because Google had been "holding itself out as a trusted provider of secure, privacy-protective software." *Id.* ¶ 249. They further assert that "a special relationship existed" because Google "placed its Android into the stream of commerce with the express purpose of enabling users to conduct personal, financial, and other sensitive activities through it." *Id.* ¶ 251. Plaintiffs do not allege that they specifically relied on Google for protection from third-party tracking schemes, that Google had control over Meta's independent conduct, or that their relationship involved defined or special boundaries. In fact, Plaintiffs allege no relationship with Google beyond the typical one between a technology company and the end users of its technologies.

Plaintiffs further allege Google breached some purported duty by designing and maintaining an "overly permissive" architecture that "allowed third parties—including Meta—to exploit

localhost communications." *Id.* ¶ 253. However, Plaintiffs do not identify any industry standard, regulation mandating particular design choices, or benchmark establishing that Android's architecture fell below reasonable care. Notably, Plaintiffs acknowledge that "similar data sharing between [Apple's] iOS browsers and native apps is technically possible." *Id.* ¶ 86.

Plaintiffs also claim Google "failed to implement and enforce adequate controls on localhost communications, background executions, and access to sensitive identifiers" and "failed to adopt timely safeguards and policies" that "other industry participants had already implemented." *Id.* ¶ 254. However, Plaintiffs do not allege what controls Google should have implemented or how such controls would have prevented Meta's allegedly sophisticated and evolving scheme.

Plaintiffs contend Meta's conduct was "foreseeable" because "Google knew, or should have known, that its software handles data that is highly valuable and routinely targeted for unauthorized access." *Id.* ¶ 252. However, Plaintiffs also allege that Meta concealed its conduct, repeatedly increased the sophistication of its tracking techniques, and that even website developers "were not aware of the purpose or validity of Meta's actions for almost one year." *Id.* ¶¶ 57–59, 73, 252. Meta's conduct is described as "a novel tracking method"[2] that was "modified" several times and "circumvented" multiple security measures. *Id.* ¶¶ 33-34, 48, 55, 60.

Finally, Plaintiffs allege Google "owed Plaintiffs and Class members a duty to provide prompt, accurate, and complete notice when it learned, or reasonably should have learned, that Meta was exploiting vulnerabilities in Android to access and misuse users' private information," and that Google "breached this duty by failing to timely and adequately disclose Meta's conduct, the nature and scope of the unauthorized access, and the categories of data affected." *Id.* ¶ 256. Plaintiffs do not allege when Google learned of Meta's conduct or what notice it should have provided. Indeed, Plaintiffs acknowledge that Google responded after researchers publicly exposed Meta's scheme, stating that Meta's actions were violations of Google's "terms of service . . . and the privacy expectations of Android users" and that Google had "already implemented changes to mitigate these invasive techniques." *Id.* ¶ 65.

---

[2] January 30, 2026 Declaration of Viola Trebicka ("Trebicka Decl.") Ex. 1 (cited at Compl. ¶¶ 4, 49); *see also* Google's Request for Judicial Notice, dated January 30, 2026.

**Negligent Misrepresentation (Count XI).** Plaintiffs also claim Google negligently misrepresented the safety and security of the Android operating system, Google Play, the Chrome web browser, and Google Pixel devices. Compl. ¶ 262; *id.* ¶¶ 76-82. Plaintiffs identify the following alleged misrepresentations (the "Challenged Statements"):

*Google Play Safety Center page.* Google stated it "continually work[s] on ways to weed out harmful apps" and uses "extensive review processes" to keep users safe. *Id.* ¶ 262.

*Android product page.* Google stated users "choose when to share certain sensitive data with apps [they] download" and Android "minimizes and de-identifies [their] data from intelligent features" and "restricts access to technically ensure [] privacy and safety." *Id.*

*Google Pixel Phone product page.* Google stated Pixel[3] is "built with security at its core," its hardware and software "work together to help keep your phone and data private, safe, and secure," "[a]ll Pixel devices are designed to respect your privacy," and "we ensure the privacy and safety of your data" by minimizing, de-identifying, and restricting access to Pixel-stored data. *Id.*

Plaintiffs claim the Challenged Statements "were presented" to them and that they relied on them when they "purchased or continued to use Android devices and Pixel phones, browsed the Internet using Chrome, downloaded and used apps from Google Play, [and] configured their devices and settings." *Id.* ¶¶ 263, 273. Plaintiffs further contend Google lacked reasonable grounds for believing those statements were true because the risk that Meta would engage in its novel and evolving exploitation technique was purportedly "known and foreseeable," other browser providers had implemented "stricter blocking measures," and Google later adopted countermeasures to block Meta's techniques. *Id.* ¶ 270.

Plaintiffs' allegations are more notable in what they *fail* to allege:

First, Plaintiffs do not allege when each of the Challenged Statements "w[as] presented" to them, or if, when, or where they read any of them. None of the Plaintiffs allege they used or owned a Google Pixel device or used the Chrome browser. *See generally id.* ¶¶ 92-115.

---

[3] Not to be confused with Meta Pixel, Pixel is a Google-branded smartphone.

Second, Plaintiffs do not allege *how* these statements about Android safety and privacy choices Google offers were false when made. To the contrary, Plaintiffs set forth lengthy allegations about the strength of Android's sandboxing, and concede that as a result of "Android's sandboxing protections, when users are logged into their Meta account exclusively via the Facebook or Instagram mobile app (as is overwhelmingly the case on mobile devices), the Meta Pixel cannot also collect their Facebook or Instagram identifiers and associated personal information (e.g., email addresses). This security mechanism prevents Meta from directly identifying and targeting many Android mobile device users as they browse online." *Id.* ¶ 3. Plaintiffs' falsity theory depends on a hindsight claim that these statements were not true because Meta ultimately circumvented Android's undisputed security measures. *See id.* ¶ 266.

Finally, Plaintiffs do not allege Google was aware of Meta's alleged exploit when it made the Challenged Statements—or even that Meta's conduct was ongoing at the time.

## ARGUMENT

## I.     PLAINTIFFS FAIL TO STATE A NEGLIGENT MISREPRESENTATION CLAIM

To state a claim for negligent misrepresentation, Plaintiffs must allege: "(1) the misrepresentation of a past or existing material fact; (2) without reasonable ground for believing it to be true; (3) with intent to induce another's reliance on the fact misrepresented; (4) justifiable reliance on the misrepresentation; and (5) resulting damage." *Dey v. Robinhood Markets, Inc.*, 780 F. Supp. 3d 882, 891 (N.D. Cal. 2025) (Lin, J.). Plaintiffs' allegations fail Rule 9(b)'s specificity requirements. Plaintiffs also fail to adequately plead the claim's first, second, and fourth elements under Rule 8(a)(2).

### A.     Plaintiffs' Allegations Fail Under Rule 9(b)

Negligent misrepresentation claims "must meet the heightened pleading requirements of Rule 9(b)." *Avakian v. Wells Fargo Bank, N.A.*, 827 F. App'x 765, 766 (9th Cir. 2020); *Puri v. Khalsa*, 674 F. App'x 679, 689 (9th Cir. 2017); *Kelley v. Rambus, Inc.*, 384 F. App'x 570, 573 (9th Cir. 2010); *Dey*, 780 F. Supp. 3d at 891 (Lin, J.) (same). "Rule 9(b) requires that parties 'state with particularity the circumstances constituting fraud or mistake,' including 'the who, what, when,

where, and how' of the misconduct charged[.]'" *Bodenburg v. Apple Inc.*, 146 F.4th 761, 771 (9th Cir. 2025) (citations omitted). The complaint does not meet this standard.

**What**: The complaint does not allege which Plaintiff (if any) saw which Challenged Statement, whether the statement relates to a product that Plaintiff actually purchased or used, or whether any particular Plaintiff found the statements material. Without tying specific statements to specific plaintiffs and purchases, Plaintiffs cannot plead reliance. *See Ochoa v. Zeroo Gravity Games LLC,* 2023 WL 4291974, at *5 (C.D. Cal. Feb. 1, 2023) (plaintiff fails to plead reliance under 9(b) by failing to allege specific promotions inducing specific purchases).

**When:** Plaintiffs do not state the date or time the Challenged Statements were made, when any Plaintiff purportedly encountered them (if at all), whether the statements predated Meta's alleged conduct, or whether they were in circulation when Plaintiffs purchased or used Android devices. Such temporal details are crucial to determining whether the statements were false when made and whether those statements could have impacted Plaintiffs' Android purchases. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (affirming dismissal where plaintiff failed to specify when he was exposed to challenged statements); *TransFresh Corp. v. Ganzerla & Assoc., Inc.*, 862 F. Supp. 2d 1009, 1019 (N.D. Cal. 2012) (Rule 9(b) not satisfied where complaint failed to allege when the statements were made). Here, the complaint is devoid of such material details.

**How**: As further described in Section I.B.1, Plaintiffs allege only that the Challenged Statements were "false" or "made without reasonable grounds," Compl. ¶¶ 268-270, without specifying how or why each statement is false as required. *See Avakian*, 827 F. App'x at 766 (affirming dismissal of negligent misrepresentation claim for failure to show how statements were false).

Plaintiffs' conclusory allegations are precisely the kind of speculative pleading Rule 9(b) forbids. The negligent misrepresentation claim should therefore be dismissed.

**B.    Plaintiffs Also Fail to State a Claim Under Rule 8(a)(2)**

Even if Rule 9(b)'s heightened pleading standard did not apply, Plaintiffs' negligent misrepresentation claim would still fail for the separate and independent ground that the Complaint

does not satisfy Rule 8(a)(2)'s plausibility standard with respect to the first, second, and fourth elements of a negligent misrepresentation claim. To survive a motion to dismiss, Plaintiffs must plead sufficient factual matter to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 664-65 (2009). Conclusory or speculative allegations are insufficient. *Id.* Plaintiffs fail to meet this standard.

### 1.    Plaintiffs Have Not Identified Any Actionable Misrepresentation

***Plaintiffs Have Not Adequately Alleged Falsity.*** To state a claim for negligent misrepresentation, Plaintiffs must allege Google's statements were "false and misleading" when made. *Dey*, 780 F. Supp. 3d at 892. Instead of pleading that each of the Challenged Statements was false when made, Plaintiffs take a shortcut: they allege that because Meta ultimately circumvented Android's security measures, Google's earlier statements related to security must have been false. *See* Compl. ¶¶ 266-268. But a "plaintiff does not satisfy the falsity requirement by merely asserting that a company's later revelation of bad news means that earlier, cheerier statements must have been false. This is a classic definition of so-called fraud by hindsight, and it does not establish falsity." *Glen Holly Ent. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1098–99 (C.D. Cal. 1999) (dismissing fraud claim for failure to satisfy falsity requirement (internal quotations and citations omitted)); *Mosco v. Motricity, Inc.*, 649 F. App'x 526, 529 (9th Cir. 2016) (fraud by hindsight not actionable); *see also In re Palo Alto Networks, Inc. Sec. Litig.*, 2025 WL 1093247, at *4 (N.D. Cal. Apr. 11, 2025) (In context of securities fraud, holding "a plaintiff cannot rely on hindsight; rather, it must explain why the statements were false or misleading at the time they were made." (internal quotation marks omitted)); *Hockey v. Medhekar*, 30 F. Supp. 2d 1209, 1213 (N.D. Cal. 1998) ("[P]laintiffs cannot plead 'fraud by hindsight,' in which later events are used to support the falsity of earlier statements.").

Courts routinely dismiss negligent misrepresentation where, as here, Plaintiffs fail to allege falsity. For example, in *Nor-Cal Moving Servs. v. Paylocity Corp.*, 2025 WL 2076620, at *3 (N.D. Cal. July 23, 2025) (Lin, J.), this Court dismissed fraud and negligent misrepresentation claims as to certain statements regarding the defendant's timekeeping services, finding the plaintiff failed to

adequately allege that the defendant's payroll system was incapable of accurate timekeeping when the assurances defendant would provide such services were made. *Id.*; *Richter v. CC-Palo Alto, Inc.*, 176 F. Supp. 3d 877, 899 (N.D. Cal. 2016) (dismissing misrepresentation claim where plaintiffs failed to "plausibly allege[] that the identified statements are false."). Here, too, that Meta was ultimately able to circumvent certain of Android's safety features does not establish that Google's statements about Android's security features were false when made (or at any other time).

***The Challenged Statements Are Non-Actionable Puffery.*** Plaintiffs' negligent misrepresentation claim fails for the additional reason that the statements they challenge as untrue are classic examples of non-actionable puffery. In the Ninth Circuit, "generalized, vague, and unspecified assertions . . . upon which a reasonable consumer could not rely" cannot support liability for negligent misrepresentation. *Glen Holly Ent., Inc.*, 343 F.3d at 1015 (affirming dismissal of negligent misrepresentation claim premised on puffery)*; River Supply, Inc. v. Oracle Am., Inc.*, 2023 WL 7346397, at *14 (N.D. Cal. Nov. 6, 2023) ("Statements constituting mere 'puffery' cannot support liability for negligent misrepresentation."). "The distinguishing characteristics of puffery are vague, highly subjective claims as opposed to specific, detailed factual assertions." *Veal v. LendingClub Corp.*, 423 F. Supp. 3d 785, 804 (N.D. Cal. 2019).

The Challenged Statements in this case are broad, generalized, aspirational product messaging: statements that Google is "continually working on ways to weed out harmful apps . . . to keep users safe" and uses "extensive review processes' to prevent harmful apps from entering the store and to ensure user safety," or that Pixel "is built with security at its core," "designed to respect your privacy," and its "hardware and software work together to help keep your phone and data private, safe, and secure." *See supra* at 5. These statements communicate Google's general design philosophy and high-level goals for its products—but do not describe a quantifiable level of security.

*In re Alphabet, Inc. Securities Litigation*, 1 F.4th 687, 708 (9th Cir. 2021), in which the Ninth Circuit affirmed similar statements by Google were non-actionable puffery, is instructive here. The Court held statements that Google has a "very robust and strong privacy program," a "longstanding commitment" to ensuring users share data only with trusted developers, and is "committed to

protecting [] users' data," taking "great pains to make sure that people have great control and notice over their data" and building its business on user "trust," are vague, generalized corporate commitments and aspirations that constitute puffery. *Id.* (affirming dismissal of securities claims based on puffery). Similarly, in *AMI - Government Employees. Provident Fund Management. Co. v. Alphabet Inc.*, this Court found that Google's statements—including that "[b]ringing greater transparency. . . is core to our approach," "[p]rivacy is at the heart of everything we do," and "[w]e continued to put privacy and security at the forefront of our products so that, every day, users are safer with Google"—were non-actionable puffery. 2024 WL 4353637, at *3 (N.D. Cal. Sept. 3, 2024) (Lin, J.); s*ee also In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 2017 WL 3727318, at *26 (N.D. Cal. Aug. 30, 2017) (statement that "protecting our system and our users' information is paramount to ensuring Yahoo users enjoy a secure user experience and maintaining our users' trust" was puffery). Here, too, the Challenged Statements are puffery that cannot support a negligent misrepresentation claim.

### 2.      Plaintiffs Fail to Allege Reliance Plausibly

To plead reliance, Plaintiffs must allege "they actually relied on the defendant's misrepresentations," *Dey*, 780 F. Supp. 3d at 891, which they have not done. Crucially, Plaintiffs fail to allege that *any* Plaintiff visited *any* of the three webpages where the Challenged Statements appear, much less read any of the statements in doing so. *See supra* at 5–6.

Plaintiffs' failure to plead they read the statements is fatal to this claim: They cannot have relied on a statement without having read it. Courts in this District routinely dismiss negligent misrepresentation claims where, as here, plaintiffs do not allege they read the misrepresentations. *See, e.g.*, *Dey*, 780 F. Supp. 3d at 891 (dismissing negligent misrepresentation claim where "[p]laintiff has not alleged that he read any of the disclosures"); *Villarroel v. Recology Inc.*, 775 F. Supp. 3d 1050, 1063 (N.D. Cal. 2025) ("Courts in this [D]istrict have consistently held that plaintiffs in misrepresentation cases must allege that they actually read the challenged representations to state a claim."); *Backhaut v. Apple, Inc.*, 74 F. Supp. 3d 1033, 1048-49 (N.D. Cal. 2014) ("Nowhere in the [c]omplaint do [p]laintiffs allege that they saw, read, or relied on any representations by

[defendant]. . . . As such, the Court finds that [p]laintiffs have failed to adequately plead actual reliance[.]”).

### 3.      Plaintiffs Fail to Adequately Allege Google Lacked Reasonable Grounds to Believe the Challenged Statements Were True

Because Plaintiffs have not sufficiently alleged the Challenged Statements are false, they necessarily cannot plead Google lacked reasonable grounds for believing those statements were true, a required element of negligent misrepresentation. *See Dey*, 780 F. Supp. 3d at 891. Even if Plaintiffs had alleged falsity, however, their negligent misrepresentation claim would fail for the independent reason that they fail to plead Google lacked a reasonable belief in the truth of its statements.

Plaintiffs claim Google had no reasonable belief in the truth of the Challenged Statements for three reasons: (1) risks associated with localhost communications and background app execution were allegedly foreseeable, (2) other browser providers had allegedly already implemented blocking measures to prevent similar tracking, and (3) Google itself later implemented countermeasures to block the exploit. Compl. ¶ 270. None of these allegations plausibly establishes that Google lacked a reasonable belief in the truth of its statements at the time they were made.

First, as explained in Section II.C, Plaintiffs do not allege facts showing Meta's exploitation technique was foreseeable. Generalized (omnipresent) cybersecurity risk does not plausibly show Google had reason to doubt the accuracy of its own representations—particularly where Plaintiffs concede that Android implemented protective features, including sandboxing. *Id.* ¶¶ 1–3.

Second, that unnamed browsers used different configurations (if true) does not show Google's design choices—or its statements describing those choices—were unreasonable. Even if Plaintiffs had plausibly alleged that other browser providers had already implemented measures specifically and effectively to block Meta's collection, it does not mean Google did not believe the Android operating system or its Pixel products were protective of privacy and security as stated.

Third, Plaintiffs' reliance on Google's later implementation of additional protections—after researchers publicly revealed Meta's concealed exploit—cannot establish that Google lacked a reasonable belief in the truth of its statements. Federal Rule of Evidence 407 precludes inferring

"negligence; culpable conduct; a defect in a product or its design; or a need for warning or instruction" from "subsequent remedial measures." Fed. R. Evid. 407. For that reason, courts routinely find that allegations of subsequent remedial measures cannot be used to state a claim.[4] For example, in *Higginbotham v. Baxter International, Inc.*, 495 F.3d 753, 760 (7th Cir. 2007), the Seventh Circuit's Judge Easterbrook held that drawing any inference from defendant's upgrade of its financial-tracking systems to the level required by law "would be incompatible with [Federal Rule of Evidence] 407, which provides that subsequent remedial measures may not be used as evidence of liability." *See also Pugh v. Trib. Co.*, 521 F.3d 686, 695 (7th Cir. 2008) (applying subsequent remedial measures bar at pleadings stage in securities case); *Stearns v. Select Comfort Retail Corp.,* 2009 WL 1635931, at *9 (N.D. Cal. June 5, 2009) (allegations regarding implementation of new design or other remedial action immaterial to establishing elements of fraudulent concealment). This reasoning is sound. A motion to dismiss tests whether the Complaint states a claim based on allegations that—if proven—could support liability. Because alleged subsequent remedial measures are inadmissible to prove liability, Plaintiffs cannot rely on those alleged facts to plead a claim.

In sum, Plaintiffs allege no contemporaneous facts showing Google lacked a reasonable basis for its statements when it made them. To the contrary, Plaintiffs' own allegations demonstrate that Google acted consistently with its statements and responded quickly once Meta's conduct became known.

For these reasons, the Court should dismiss Plaintiffs' negligent misrepresentation claim with prejudice.

---

[4] The Ninth Circuit has not addressed this issue, and courts in this District are split. In *Hessefort v. Super Micro Computer, Inc.*, 2020 WL 1551140, at *7 n.4 (N.D. Cal. Mar. 23, 2020), Judge Tigar accepted allegations of subsequent remedial measures in a securities law suit. In *Stearns v. Select Comfort Retail Corp.,* 2009 WL 1635931, at *9 (N.D. Cal. June 5, 2009), Judge Fogel found allegations regarding implementation of a new design or other remedial action were immaterial to establishing elements of fraudulent concealment. The latter view is more sound and also in line with the Seventh Circuit.

## II.    PLAINTIFFS FAIL TO STATE A CLAIM FOR NEGLIGENCE

Plaintiffs allege Google was negligent because it failed to protect them adequately from Meta's alleged covert tracking scheme and breached various duties related to Android's design and security. Compl. ¶¶ 244-258. To plead negligence, Plaintiffs must allege "(a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach as the proximate or legal cause of the resulting injury." *Ladd v. County of San Mateo*, 12 Cal. 4th 913, 917 (1996). Plaintiffs have not pleaded any of these three elements against Google.[5]

### A.    No Duty to Protect Plaintiffs from Intentional Misconduct of Another

Plaintiffs claim Google owed them a duty of care to protect against Meta's alleged misconduct. However, "there is no duty to act to protect others from the conduct of third parties." *Harding v. Lifetime Fin., Inc.*, 109 Cal. App. 5th 753, 762 (2025); *see also Toomer v. United States*, 615 F.3d 1233, 1236 (9th Cir. 2010) ("Generally there is no obligation to protect others from the harmful conduct of third parties."); *Harris-Scott v. Immelt*, 2013 WL 369013, at *5 (N.D. Cal. Jan. 29, 2013) (same).

Only where an exception to this rule applies can a defendant be negligent for failing to protect a plaintiff from another's act. Specifically, "[t]o survive a motion to dismiss where a negligence claim is based on an alleged failure to protect from acts of third parties," as here, plaintiffs "must plead facts showing the existence of a special relationship." *Harris-Scott*, 2013 WL 369013, at *5; *Pham v. Overton Sec. Servs., Inc.*, 718 F. Supp. 3d 1023, 1027–28 (N.D. Cal. 2024) ("California law provides for an exception to the general rule of no-duty-to-protect against the acts of another, establishing a duty where the defendant has a 'special relationship'" with the victim). Classic examples include "[r]elationships between parents and children, colleges and students,

---

[5] Plaintiffs also allege Google owed a duty to provide "prompt, accurate, and complete notice" once it learned of Meta's conduct. Compl. ¶ 256. But Plaintiffs do not allege when Google learned of the conduct, when it reasonably should have learned of it, or what earlier notice was required. Nor do they allege facts showing that any purported delay caused harm. To the contrary, Plaintiffs allege Google responded after researchers publicly exposed Meta's scheme, stating that Meta's actions violated Google's terms of service and that Google had already implemented mitigations and started an internal investigation. *Id.* ¶ 65. These allegations do not plausibly establish duty, breach, or causation.

employers and employees, common carriers and passengers, and innkeepers and guests." *See Ziencik v. Snap, Inc.*, 2024 WL 6846238, at *3 (C.D. Cal. Jan. 19, 2024) (holding no special relationship between social media app and its users).

Plaintiffs' allegations fail to establish a cognizable special relationship. To the contrary, the relationship between Plaintiffs and Google is nothing more than the ordinary relationship between a technology company and end users of its operating system—precisely the type of commercial relationship that courts have consistently held does not create special duties under California law. *See, e.g.*, *Impac Warehouse Lending Grp. v. Credit Suisse First Boston LLC*, 270 F. App'x 570, 572 (9th Cir. 2008) (affirmed dismissal of plaintiff's "negligence claim because [plaintiff] could not allege that defendants owed it any duty"—even where the defendants provided financial services upon which the plaintiff relied); *Patel v. Citibank Corp.*, 2019 WL 7987113, at *6 (C.D. Cal. Sept. 27, 2019) (no special relationship between Google and plaintiffs that would generate a duty to protect plaintiffs from fraudulent actors); *Girard v. Delta Towers Joint Venture*, 20 Cal. App. 4th 1741, 1749 (1993) ("California courts have not extended the special relationship doctrine to include ordinary commercial contractual relationships."); *cf. Welte v. Wells Fargo Bank Nat'l Assoc.*, 189 F. Supp. 3d 965, 975 (C.D. Cal. 2016) (neither foreseeability of harm nor knowledge of danger can "create a legally cognizable special relationship giving rise to a legal duty to prevent harm").

Because Plaintiffs cannot allege any legal duty to protect Plaintiffs from Meta—or a special relationship that could create such a duty—Plaintiffs' negligence claim fails as a matter of law.

### B. Plaintiffs Have Not Plausibly Alleged a Breach of Duty

Plaintiffs' breach allegations center on their claim that Google should have designed Android differently to prevent Meta from exploiting it. Plaintiffs allege Google breached some unarticulated purported "duties" by designing and maintaining an "overly permissive" architecture and failing to "implement and enforce adequate controls on localhost communications." Compl. ¶¶ 253, 254. They further contend Google failed to adopt "timely safeguards and policies" that "other industry participants had already implemented." *Id.* ¶ 254. The linchpin of Plaintiffs' allegations is

that Android "could" have been designed more like Apple's iOS, which allegedly has a "more restrictive sandboxing approach." Compl. ¶¶ 50, 88. This fails both as a legal and factual matter.

Plaintiffs' breach theory conflates product design choices with negligence. Beyond vague allegations of "could have" and "should have," Plaintiffs identify no industry standard requiring the choices Plaintiffs would now prefer, no regulation mandating *against* the particular design choices Plaintiffs allege Google made, and no benchmark of any kind establishing that the design of Android's architecture fell below any existing standard of reasonable care. *See supra* at 4. Therefore, even if a general "duty" existed—and it does not, *see* Section II.A—Plaintiffs have not alleged breach. *See also Rosenbaum v. City of San Jose*, 2021 WL 6092205, at *25 (N.D. Cal. Dec. 23, 2021) (dismissing negligence claim where "there [was] no allegation as to what [specific] 'duty of due care' was breached."); *see also Wescott v. Google LLC*, 2024 WL 735135, at *3 (N.D. Cal. Feb. 22, 2024) (dismissing negligence claim because plaintiffs "may not rely on conclusory statements that Google breached unspecified duties owed to [them]"); *Sampson v. Ukiah Valley Med. Ctr.*, 2015 WL 13661551, at *8 (N.D. Cal. Sept. 10, 2015) (dismissing negligence claim where it was "unclear from the [plaintiffs' complaint] which specific action . . . the plaintiffs believe[d] was negligent.").

That Apple made a different choice is immaterial. "[T]he custom of others in a business or industry does not, as a matter of substantive law, establish a legal standard of care." *Diamond v. Grow*, 243 Cal. App. 2d 396, 401 (1966). Technology companies routinely make different tradeoffs between security, functionality, and user experience, just as automotive companies may make different tradeoffs between safety, utility, sportiness, and cost. The law does not require manufacturers to adopt the most restrictive possible design, nor does it establish liability based solely on the availability of alternative approaches. *See, e.g., Lopez v. Nissan N. Am., Inc.*, 201 Cal. App. 4th 572, 583 (2011) (holding that defendants were not required to adopt "the standard plaintiffs advocate[,] which would require manufacturers to do *everything technologically possible* to produce odometers that do not overregister or underregister mileage." (emphasis in original)); *Perez v. VAS S.p.A.*, 188 Cal. App. 4th 658, 685 (2010), *as modified* (Sept. 17, 2010) ("'[T]he determination of

design defect does not turn *solely* on the existence of a safer alternative design.'" (emphasis in original) (internal citation omitted)).

Independently, Plaintiffs' theory of breach is contradicted by Plaintiffs' own allegations that the alleged vulnerability is not unique to Android. *See* Compl. ¶ 86. Thus, even *if* Apple's iOS defined a standard of care, Plaintiffs acknowledge "similar data sharing between iOS browsers and native apps is technically possible" and iOS browsers "allow developers to programmatically establish localhost connections where apps can listen through local ports." *Id*. Plaintiffs speculate "technical and policy restrictions for running native apps in the background may explain why iOS users were not targeted," *id*., but this conjecture reaffirms that iOS possesses the same underlying localhost functionality Meta exploited on Android. Plaintiffs' admission that the same technical capability exists on Apple's platform demonstrates localhost communication is standard functionality across mobile operating systems (not a defect unique to Android's design), and does not support their assertion that Google's design of Android fell below industry standards.

Plaintiffs cannot identify any cognizable breach of duty, whether measured by industry standards, regulatory requirements, or reasonable care, on these facts.

### C. Meta's Alleged Intentional Misconduct Is a Superseding Cause That Defeats Causation

Plaintiffs allege in a conclusory (and wholly inadequate) fashion that Google's failure to implement certain safeguards was a direct and proximate cause of their alleged injuries. Compl. ¶ 257. But this bare assertion is thoroughly contradicted by another allegation of a dispositive intervening factor: Meta's alleged deliberate misconduct, which breaks any causal chain connecting Google's allegedly negligent conduct to Plaintiffs' injuries.

Under established California precedent, "[a] superseding cause relieves a defendant from tort liability for a plaintiff's injuries, if both the intervening act and the results of the act are not foreseeable." *Ash v. N. Am. Title Co.*, 223 Cal. App. 4th 1258, 1274 (2014). . "If the independent intervening act is highly unusual or extraordinary, not reasonably likely to happen and hence not foreseeable, it is a superseding cause, and the defendant is not liable." *Tung v. Chicago Title Co.*,

63 Cal. App. 5th 734, 745 (2021). An act is particularly unforeseeable if, "looking at the matter with hindsight, it seems extraordinary." *United States v. Pineda-Doval*, 614 F.3d 1019, 1029 (9th Cir. 2010).

The facts alleged here present a textbook example of a superseding cause. Meta's alleged scheme involved novel tracking methods that were repeatedly modified to evade detection. Compl. ¶¶ 33, 34, 232. External security researchers uncovered it only after Meta had been implementing and refining its exploit for months. *Id*. ¶ 4. Crediting Plaintiffs' allegations (as the Court must at this stage), this was not an ordinary misuse of Android's functionality but rather an extraordinary, intentional enterprise designed by Meta to circumvent privacy protections through deception and concealment, including by taking active steps to obscure its tracking activities. *Id*. ¶ 71.

Plaintiffs' generic allegation that Google "knew, or should have known, that its software handles data that is highly valuable and routinely targeted for unauthorized access," Compl. ¶ 252, does not change the conclusion. This type of generic awareness of cybersecurity risks does not make every conceivable form of exploitation reasonably foreseeable. *See, e.g.*, *Williams v. Fremont Corners, Inc.*, 37 Cal. App. 5th 654, 668 (2019) ("[A] general knowledge of the possibility of [bad] conduct is not in itself enough to create a duty under California law.") (emphasis in original); *Al Shikha v. Lyft, Inc.*, 102 Cal. App. 5th 14, 38 (2024) ("[F]or foreseeability in the context of a duty to protect, '[m]ore than a mere possibility of occurrence is required.'"); *C.I. v. San Bernardino City Unified Sch. Dist.*, 82 Cal. App. 5th 974, 985 (2022) (declining to impose liability on defendants for harmful conduct by third party where such conduct was "nothing more than a 'mere possibility of occurrence.'").

The broader implications of Plaintiffs' foreseeability argument underscore its impropriety. Were courts to accept Plaintiffs' theory that generic awareness of cybersecurity risks makes all creative and intentional exploitations foreseeable, technology companies would face limitless liability for every creative misuse of its products by bad actors, in a world where bad actors innovate just as fast as—if not faster than—good ones. Technology platforms would be forced to become increasingly restrictive and closed, prioritizing defensive design over user functionality and

innovation. The rule Plaintiffs' negligence claim asks this Court to approve would stifle innovation and impose impossible duties of perfect security that no technology or technology company can achieve.

Plaintiffs' allegations here leave no doubt: Meta's alleged sophisticated, concealed, and deliberately deceptive scheme was an unforeseeable superseding cause, breaking any possible causal chain arising from any mere negligence alleged against Google.

For all of these reasons, the Court should dismiss Plaintiffs' negligence claim with prejudice.

## III.   THE COURT SHOULD DISMISS THESE CLAIMS WITH PREJUDICE

Dismissal with prejudice is appropriate where plaintiffs have had an opportunity to amend and further amendment would be futile. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009). The district court's discretion to deny leave to amend is "particularly broad where plaintiff has previously amended the complaint." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008). The facts here compel that result.

Plaintiffs filed this 56-page Consolidated Complaint months after filing 12 initial complaints (only four naming Google). It was prepared by sophisticated counsel who won a contested leadership bid and tout their "unmatched experience litigating data privacy cases" against Meta and Google, "sizeable resources," and track record recovering "tens of millions of dollars" in similar cases. ECF No. 57 at 1-2. They had ample time to evaluate the law and facts before pleading. The alleged conduct was known and publicly reported; a detailed technical research report analyzing the precise subject of Plaintiffs' claims was published over six months before the filing of this complaint. *See* Trebicka Decl. Exs. 1 and 2. And yet *both* claims against Google lack allegations necessary to sufficiently plead them.

Plaintiffs had the time, expertise, resources, and information to plead viable claims if possible—and they failed.  This failure is a telltale sign of futility. *See Nguyen v. Endologix, Inc.*, 962 F.3d 405, 420 (9th Cir. 2020) (affirming dismissal without leave where "plaintiff had made her best case and had been found wanting"); *Zucco Partners*, 552 F.3d at 1007 (failure to state claim after full opportunity shows plaintiffs "have no additional facts to plead"); *Leadsinger, Inc. v. BMG*

*Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (dismissing complaint without leave to amend where any amendment would have been futile).  Dismissal should be with prejudice.

### CONCLUSION

For the foregoing reasons, the Court should dismiss the claims against Google in their entirety and with prejudice.

DATED:  January 30, 2026

Respectfully submitted,

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By   */s/ Viola Trebicka*
_____

Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Valerie Roddy (CA Bar No. 235163)
valerieroddy@quinnemanuel.com
Teuta Fani (CA Bar No. 360443)
teutafani@quinnemanuel.com

865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel:  (213) 443-3000
Fax:  (213) 443-3100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel:  (312) 705-7400
Fax:  (312) 705-7401

Taylor Ross (admitted *pro hac vice*)
taylorross@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, New York 10016
Tel:  (212) 849-7000
Fax:  (212) 849-7100

*Attorneys for Defendant Google LLC*