**BURSOR & FISHER, P.A.**
Philip L. Fraietta (SBN 354768)
50 Main St., Ste. 475
White Plains, NY 10606
Telephone: (914) 874-0710
Facsimile: (914) 206-3656

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Michael W. Sobol (SBN 19485)
Michael K. Sheen (SBN 288284)
Amelia A. Haselkorn (SBN 339633)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008

**MILBERG, PLLC**
Mariya Weekes (*pro hac vice*)
333 SE 2nd Avenue, Suite 2000
Miami, FL, 33131
Telephone: (786) 879-8200
Facsimile: (786) 879-7520

**AHDOOT & WOLFSON, PC**
Tina Wolfson (SBN 174806)
Theodore W. Maya (SBN 223242)
Alyssa D. Brown (SBN 301313)
Sarper Unal (SBN 341739)
Lisa Cintron (SBN 356009)
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505
Telephone: (310) 474-9111
Facsimile: (310) 474-8585

*Interim Class Counsel*

[Additional counsel listed on signature pages]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

*In re Meta Android Privacy Litigation*

This document relates to:

All Actions

Case No. 3:25-cv-04674-RFL

**PLAINTIFFS' OPPOSITION TO META PLATFORM, INC.'S REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE**

Judge: Hon. Rita F. Lin

Hearing: March 24, 2026
Time: 10:00 AM
Location: Courtroom 15, 18th Floor

## I. INTRODUCTION

Plaintiffs submit this response in opposition to Defendant Meta Platforms, Inc.'s ("Meta") Request for Judicial Notice and Incorporation by Reference in Support of Its Motion to Dismiss Complaint. ECF No. 103 (the "Request" or "RJN"). Meta seeks incorporation or notice of the following documents: four versions of Meta's Privacy Policy published online between 2024 and 2025 (Exs. A–D) (ECF Nos. 102-1, 102-2, 102-3, 102-4); Meta's Cookies Policy dated December 12, 2023 (Ex. E) (ECF No. 102-5); a Meta Help Center page titled "Connecting Activity off Meta technologies to Facebook accounts," which is two clicks removed from its Privacy Policy (Ex. F) (ECF No. 102-6); a Meta user interface titled "Your activity off Meta technologies," which is several, specific clicks away from its Privacy Policy (Ex. G) (ECF No. 102-7); and a Meta Business Help Center article titled "About event match quality" (Ex. H) (ECF No. 102-8). Meta's Request seeks to expand the record on which this Court will decide Meta's Motion to Dismiss by over 400 pages. Some of these documents may be considered by this Court at the motion to dismiss stage—at least for the purpose of noticing what Meta publicly stated (as opposed to the truth of the matters asserted therein). But much of Meta's Request, specifically its request to *incorporate* its Privacy Policy and Cookies Policy (Exs. A–E) into the Complaint and its request for incorporation and judicial notice of its user interface and its own Help Center articles (Exs. F–H), are improper attempts to "pile on numerous" irrelevant "documents to their motions [] to undermine the complaint, and hopefully dismiss the case at an early stage." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). For this reason, Plaintiffs object to Meta's Request for incorporation by reference or judicial notice of Exhibits A–H of the Turner Declaration ("Meta's Exhibits") (ECF No. 102).

## II. ARGUMENT

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (cleaned up). The Court is required to accept the allegations of material fact in the Complaint as true and construe these facts in the light most favorable to Plaintiffs. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). There are two exceptions: judicial notice under Federal Rule of Evidence 201 and the incorporation-by-reference doctrine. *Khoja*, 899 F.3d at 998. With respect to both exceptions, the Ninth Circuit has cautioned against their "overuse and improper application." *Id.* The Ninth Circuit reasons, "[i]f defendants are permitted to

present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief." *Id.* at 999. In light of the Court of Appeal's caution, Meta's attempt to introduce materials under both exceptions should be rejected.

**A. <u>Meta's Exhibits are not incorporated by reference in Plaintiffs' Complaint.</u>**

Incorporation by reference is a "judicially created doctrine that treats certain documents as though they are part of the complaint itself" in two narrow scenarios. *Khoja*, 899 F.3d at 1002. First, when the complaint itself "extensively" quotes from or refers to a specific document. *Id*. And second, in "those rare instances when assessing the sufficiency of a claim requires that the document at issue be reviewed." *Id*. Importantly, "the doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim." *Id*. at 1003. Thus, "while a court 'may assume [an incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)' . . . it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id*. (cleaned up); *see also id*. at 1014 ("The incorporation-by-reference doctrine does not override the fundamental rule that courts must interpret the allegations and factual disputes in favor of the plaintiff at the pleading stage."). The Court should deny Meta's request to incorporate by reference Exhibits A–H because none of these documents are referenced "extensively" or "forms the basis of" Plaintiffs' claims. *See id.* at 1002. Rather, Meta seeks to incorporate these documents to dispute the facts related to the extent of Plaintiffs' knowledge or authorization of Meta's conduct.

**1. Neither Meta's Privacy Policy (Exs. A–D) nor its Cookies Policy (Ex. E) are referenced "extensively" or form the basis of Plaintiffs' claims.**

Contrary to Meta's characterization, the Complaint only quotes Meta's Privacy Policy twice, not extensively. *See* Compl. ¶¶ 42, 72. The Complaint cites Meta's Cookies Policy in only 4 of its 276 paragraphs, mostly in reference to the lifespan of Meta's various cookies or other information that does not govern the sufficiency of Plaintiffs' claims. *See* Compl. ¶¶ 27–29, 32. "These short quotations do not warrant incorporation by reference of the entire contracts." *Rodrigues v. Alliant Credit Union*, No. 21-CV-01111-DMR, 2022 WL 2390999, at *5 (N.D. Cal. July 1, 2022) (citing *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) ("[T]he mere mention of the existence of a document is insufficient to

incorporate the contents of a document.”)).[1]

Meta’s Privacy Policy and Cookies Policy also do not form the basis of Plaintiffs’ claims, much less any assertion regarding consent. Meta argues that Exhibits A–E are incorporated by reference in the Complaint because Plaintiffs allege they had a reasonable expectation of privacy or did not consent to Meta’s data collection. RJN at 3–4. Plaintiffs plead reasonable expectation of privacy based on well-established sandboxing principles and the manner or breadth of Meta’s data collection, none of which require this Court’s consideration of Meta’s Privacy Policy or Cookies Policy.[2] *See* Compl. ¶¶ 130–34. In reality, Meta attempts to use these Exhibits to establish its consent-based affirmative defense to Plaintiffs’ claims. This is not a basis for incorporation by reference. *Khoja*, 899 F.3d at 1002 (“if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint.”); *see also Zaragoza v. Apple Inc.*, No. 18-CV-06139-PJH, 2019 WL 1171161, at *10 (N.D. Cal. Mar. 13, 2019) (refusing to incorporate a contract by reference because “[a]lthough some of Apple’s defenses rely on the contract, none of plaintiffs’ claims relies at all on its existence.”).

Therefore, the Complaint neither extensively references nor relies upon Meta’s Privacy Policy and Cookies Policy. While some of Meta’s defenses rely on them, that falls short of the “rare instances” in which assessing the sufficiency of a plaintiff’s claim requires that Meta’s Exhibits A–E be reviewed.

### 2. Neither of Meta’s webpages cross-referenced in its Privacy Policy (Exs. F–G) are referenced by or relevant to Plaintiffs’ Complaint.

The Complaint *never* references Exhibits F and G. Meta’s sole argument as to why its Help Center page and user interface should be incorporated is that “both documents are incorporated by reference into the Privacy Policy which, as explained above, is in turn incorporated by reference into the Complaint.” RJN at 4. The cases it cites for this strained application of the incorporation-by-reference doctrine highlights the

---

[1] Meta’s cited cases where the court found incorporation by reference involved complaints that discussed the external documents in much greater detail. *See Edwards v. MUBI, Inc.*, 773 F. Supp. 3d 868, 880 (N.D. Cal. 2025) (website page and privacy policy described in detail across four paragraphs and eight screenshots); *Washington v. Flixbus, Inc.*, No. 3:25-CV-00212-H-MSB, 2025 WL 1592961, at *3 (S.D. Cal. June 5, 2025) (checkout process described in detail across nine paragraphs and three screenshots); *In re Sequoia Benefits & Ins. Data Breach Litig.*, No. 22-CV-08217-RFL, 2024 WL 1091195, at *3 (N.D. Cal. Feb. 22, 2024) (data breach notice letter, as a jurisdictional prerequisite, was attached to the complaint).

[2] In contrast, in Meta’s cited case *Gershfeld v. TeamViewer US, Inc.*, No. 21-55753, 2023 WL 334015, at *1 (9th Cir. Jan. 20, 2023), the court found that the “viability of [plaintiff’s] claims is dependent upon the extent and sufficiency of [defendant’s] disclosures” where the plaintiff alleged claims under California’s Unfair Competition Law and California’s Consumer Privacy Act.

fact that the doctrine "is a narrow exception aimed at cases interpreting, for example, a contract. It is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgement." *M.O.R.E., LLC v. U.S.*, No. 12-cv-03609-JST, 2015 WL 5093621, at *3 (N.D. Cal. Aug. 28, 2015).[3]

As described above, Meta's Privacy Policy is not incorporated by reference into the Complaint. It is also highly doubtful that Meta's Help Center page and user interface were indeed effectively "incorporated by reference" into Meta's Privacy Policy. To access Exhibit F, a user must scroll half way down the Privacy Policy, click hyperlinked text "Information from partners, vendors and other third parties," then click a "Learn more" hyperlink nested in the middle of a paragraph located in the bottom half of the pop-up window. *See* RJN at 4. To access Exhibit G, a user must scroll half way down the Privacy Policy, click a hyperlinked text "Information from partners, vendors and other third parties," then click "Your activity off Meta technologies" towards the bottom of the pop-up window, then log into Facebook, then click the last of five buttons "Manage future activity," and finally click "Disconnect future activity," which purportedly disconnects information that businesses and organizations sends Meta about users' interactions with them. *See* RJN at 4–5. Even from Exhibit G, Meta's instructions are unclear on whether and how users can get to the "clear your previous activity" option. *See* RJN at 4–5.

### 3. Meta's Business Help Center Article (Ex. H) is not referenced extensively by the Complaint and not integral to Plaintiffs' claims.

Meta's Business Help Center article titled "About event match quality" is cited *once* in the Complaint, to describe what would happen "under normal circumstances" if Meta had not unlawfully matched users' browsing activity with their Facebook or Instagram IDs. *See* Compl. ¶ 32. Meta argues that Plaintiffs quote from the article selectively because Plaintiffs do not detail other "customer information parameters" that it uses Meta Pixel code to transmit to Meta, independent of the _fbp cookie. Plaintiffs do not cherry-pick from or mischaracterize the article by describing, generally, that "customer information

---

[3] *See Shaw v. Regents of Univ. of California*, 58 Cal. App. 4th 44, 54 (1997) (finding a patent agreement incorporated the party's patent policy); *Brown v. Google LLC*, No. 20-CV-03664-LHK, 2021 WL 6064009, at *9 (N.D. Cal. Dec. 22, 2021) (not considering whether the privacy policy should be incorporated into the complaint, but rather discussing the contract principle of incorporation by reference); *Hammerling v. Google LLC*, No. 21-CV-09004-CRB, 2022 WL 17365255, at *3 (N.D. Cal. Dec. 1, 2022), *aff'd*, No. 22-17024, 2024 WL 937247 (9th Cir. Mar. 5, 2024) (considering two sets of disclosures part of a singular whole disclosure).

parameters" provided by third parties are ultimately "matched to Meta accounts." *Id.* Rather, Plaintiffs allege that here, no such transmission of information should have happened.

**B. Meta's Exhibits are not subject to judicial notice.**

Judicial notice applies to a limited set of adjudicative facts that are "not subject to reasonable dispute" because they are "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2). An "*undisputed* matter of public record" may be judicially noticed; "*disputed* facts stated in public records" cannot. *Lee*, 250 F.3d at 690 (emphasis in original); *see also Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1032 (N.D. Cal. 2018) (quoting 21B Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure (Evidence)* § 5102.2 (2d ed. 2005)). Courts are "mindful of the risk that the judicial notice rule can lead to the consideration of extrinsic evidence to resolve factual disputes, which is not proper at the pleading stage." *Arellano v. Santos*, No. 318CV02391BTMWVG, 2020 WL 1275650, at *3 (S.D. Cal. Mar. 16, 2020).

**1. Meta's Exhibits are legally insufficient and their accuracy can be reasonably questioned.**

All of Meta's Exhibits are written, published, and maintained by Meta itself. Privately maintained websites and applications do not automatically qualify as "sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). "[A] document is not judicially noticeable simply because it appears on a publicly available website, regardless of who maintains the website or the purpose of the document." *Resolute Forest Prods., Inc. v. Greenpeace Int'l*, No. 17-CV-02824-JST, 2019 WL 281370, at *1 (N.D. Cal. Jan. 22, 2019) (quoting *Rollins*, 338 F. Supp. 3d at 1032). That is so because webpages are "changed, modified, and revised over time." *In re Easysaver Rewards Litig.*, 737 F. Supp. 2d 1159, 1168 (S.D. Cal. 2010). "[C]ourts should be cautious before taking judicial notice of documents simply because they were published on a website . . . particularly so when a party seeks to introduce documents it created and posted on its own website, as [Meta] does here." *Rollins*, 338 F. Supp. 3d at 1033. Unlike public records taken from websites maintained by government entities, the documents of private parties like Meta are not noticeable simply because they appear on a public website. *See id.* at 1032 (denying to take judicial notice of documents from defendant's website because "the records of private parties have no [ ] imprimatur of reliability, and neither do their websites.").

**2. The truthfulness of the "facts" contained in Meta's Exhibits are not judicially noticeable.**

Because Meta requests judicial notice of its Exhibits for the alleged truth of the matters asserted therein, this Court should deny its request. *See U.S. v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (courts cannot "take judicial notice of facts favorable to [d]efendants that could reasonably be disputed."). A court may take judicial notice of a document only for the limited purpose of recognizing its existence, not for the truth of the matters contained therein. *See Khoja*, 899 F.3d at 999; *Lee*, 250 F.3d at 689-90 (improper for courts to take judicial notice of "disputed facts stated in public records"); *Cascades Computer Innovation LLC v. RPX Corp.*, No. 12-cv-01143-YGR, 2013 WL 316023, *4 n.5 (N.D. Cal. Jan. 24, 2013) (taking judicial notice "of the fact that certain documents were publicly-filed and the fact that certain statements were made in those documents on the dates specified, but not the truth of the statements contained therein"); *J.W. ex rel. J.F.W.. v. Fresno Unified Sch. Dist.*, 626 F.3d 431, 440 (9th Cir. 2010) ("Although the *existence* of a document may be judicially noticeable, the truth of statements contained in the document and *improper interpretation are not subject to judicial notice*[.]") (emphasis in original); *Patel v. Parnes*, 253 F.R.D. 531, 546 (C.D. Cal. 2008) (holding documents' "content[s], and the inferences properly drawn from them, . . . is not a proper subject of judicial notice under Rule 201").

Meta references the contents of its Exhibits to argue that Plaintiffs consented to Meta's privacy intrusions and other misconduct. *See* RJN at 3–4, 6 (arguing Plaintiffs consented to Meta's conduct). In doing so, Meta improperly seeks to use judicial notice to establish purported "facts" that are subject to dispute. Whether any version of Meta's Exhibits were actually disclosed to Plaintiffs and, if so, whether those versions of Meta's policies and disclosures would inform a reasonable consumer of Meta's conduct, are factual questions that cannot be resolved in Meta's favor. Meta's Exhibits are hence ineligible for judicial notice. *Khoja*, 899 F.3d at 1000 ("It is improper to judicially notice a [document] when the substance of the [document] 'is subject to varying interpretations, and there is a reasonable dispute as to what the [document] establishes.'").

## III. <u>CONCLUSION</u>

For the reasons set forth above, Meta's Request should be denied.

Dated: February 20, 2026

Respectfully submitted,

By: */s/ Michael K. Sheen*
Michael K. Sheen

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Michael W. Sobol (SBN 19485)
msobol@lchb.com
Michael K. Sheen (SBN 288284)
msheen@lchb.com
Amelia A. Haselkorn (SBN 339633)
ahaselkorn@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Douglas I. Cuthbertson (*pro hac vice*)
dcuthbertson@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: 212.355.9500
Facsimile: 212.355.9592

**BURSOR & FISHER, P.A**.
Philip L. Fraietta (State Bar No. 354768)
pfraietta@bursor.com
50 Main St., Ste. 475
White Plains, NY 10606
Telephone: (914) 874-0710
Facsimile: (914) 206-3656

**BURSOR & FISHER, P.A**.
Yitzchak Kopel (*pro hac vice*)
ykopel@bursor.com
Max S. Roberts (SBN 363482)
mroberts@bursor.com
Victoria X. Zhou (*pro hac vice*)
vzhou@bursor.com
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163

**AHDOOT & WOLFSON, PC**
Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
Theodore W. Maya (SBN 223242)
tmaya@ahdootwolfson.com
Alyssa D. Brown (SBN 301313)
abrown@ahdootwolfson.com

Sarper Unal (SBN 341739)
sunal@ahdootwolfson.com
Lisa Cintron (SBN 356009)
lcintron@ahdootwolfson.com
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505
Telephone: (310) 474-9111
Facsimile: (310) 474-8585

**MILBERG, PLLC**
Mariya Weekes (*pro hac vice*)
333 SE 2nd Avenue, Suite 2000
Miami, FL, 33131
Tel: (786) 879-8200
Fax: (786) 879-7520

**MILBERG, PLLC**
Gary M. Klinger (*pro hac vice*)
William Edelman (SBN 285177)
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Phone: 866.252.0878
gklinger@milberg.com
wedelman@milberg.com

*Interim Class Counsel*