UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE META ANDROID PRIVACY LITIGATION<br><br>This Document Relates To:<br>All Actions | Case No.  25-cv-04674-RFL<br><br>**NOTICE OF QUESTIONS FOR HEARING**<br><br>Re: Dkt. Nos. 101, 104 |

The Court requests that the parties be prepared to address the following questions at the hearing on the Meta and Google motions to dismiss, set for March 24, 2026, at 10:00 a.m., in Courtroom 15 at the San Francisco Courthouse.

1.     Plaintiffs argue that the scope of consent under the Privacy Policy is limited based on users' background understanding of sandboxing.  According to Plaintiffs, though users might agree generally to the concept that their web browsing activity might end up being connected to their Facebook IDs through cookies, users reasonably believe that their phones erect barriers and controls to prevent their *mobile* browsing activity from being identified with the Facebook ID stored on their phone without further consent.  Does Meta agree that background assumptions can limit the scope of consent, even if not expressly stated?  For example, if I tell a friend she can stay at my house and treat it as her own, I would be upset if she went through my underwear drawer, because her actions exceeded the scope of what I agreed to, given ordinary social expectations.  Would a similar logic apply to Plaintiffs' background understanding of sandboxing?

1

2.    In Plaintiffs' view, is there any language that Meta could have included in its Privacy Policy that would be sufficient to show consent to the activities alleged here?

3.    If Plaintiffs have not alleged that they agreed to the Privacy Policy at issue or that all Facebook users must agree to it as part of their enrollment process during the period in which Plaintiffs enrolled, how can consent be found as a matter of law on a motion to dismiss?

4.    Plaintiffs argue that the standard operation of the Pixel constitutes the "interception" for their CIPA claims.  Meta contends that Plaintiffs consented to "the standard operation of Pixel code," so their CIPA claim cannot be based on those allegations.  (Dkt. No. 101 at ECF Page 26.)  Is Meta's argument based on anything other than the Privacy Policy discussed above?

At the hearing, each side will address each question in the sequence stated above, and then at the end, the parties will have additional time to present any additional argument that they wish the Court to hear.  The parties **shall not** file written responses to this Notice of Questions.

    **IT IS SO ORDERED.**

Dated: March 19, 2026

_____
RITA F. LIN
United States District Judge