UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE META ANDROID PRIVACY LITIGATION

This Document Relates To:
All Actions

Case No. 25-cv-04674-RFL

**ORDER GRANTING IN PART AND DENYING IN PART META'S MOTION TO DISMISS**

Re: Dkt. No. 136

In these consolidated putative class actions, Plaintiffs allege that Meta developed a novel technique to surreptitiously link Android users' browsing activity collected through the Meta Pixel to their Meta accounts. Plaintiffs were previously found to have plausibly alleged some claims against Meta and its co-defendant, Google. *In re Meta Android Priv. Litig.*, 833 F. Supp. 3d 1010 (N.D. Cal. 2026). After Plaintiffs amended their complaint, Meta again moves to dismiss all claims asserted against it. For the reasons stated below, Meta's motion is **GRANTED IN PART** and **DENIED IN PART**. This order assumes the reader is familiar with the facts of the case, the applicable legal standards, and the parties' arguments.

***Consent.*** Plaintiffs' claims cannot be dismissed based on consent. Although Plaintiffs may have consented to the operation of the standard Pixel, the scope of their consent plausibly did not extend to the operation of the Modified Pixel. *See In re Meta Android*, 833 F. Supp. 3d at 1024–25. As discussed in the prior motion to dismiss order, Plaintiffs plausibly allege that a reasonable user would interpret Meta's Privacy Policy in light of sandboxing principles that would have prevented operation of the Modified Pixel. *See id.* The Modified Pixel allegedly

facilitates enhanced matching of browser data to Meta accounts by collecting account information that the standard Pixel could not. As a result, the Modified Pixel is allegedly materially more invasive than the standard Pixel, meaning its operation would not constitute "the particular conduct, or substantially the same conduct" as what Plaintiffs consented to and therefore plausibly fell outside the scope of consent. *See Calhoun v. Google, LLC*, 113 F.4th 1141, 1147 (9th Cir. 2024) (quoting Restatement (Second) of Torts § 892A(2)(b) (A.L.I. 1979)).

Meta takes issue with considering information outside the four corners of the Privacy Policy when determining consent. But consent in this context is a creature of tort law. *See* Restatement (Second) of Torts § 892A (A.L.I. 1979). And tort law considers reasonable expectations when determining the scope of consent. The example provided in the Restatement (Second) of Torts is instructive: "A consents to a fight with B. Unknown to A, B uses a set of brass knuckles. B hits A in the nose, inflicting exactly the same harm as if he had used his fist. A's consent is not effective to bar his recovery." *Id.*, cmt. e, illus. 9. Just as generic consent to a "fight" does not encompass unexpected dangers like brass knuckles, generic consent to sharing data that "helps us match" a profile does not necessarily encompass unexpectedly invasive de-anonymization via an undisclosed backdoor in one's mobile phone. To be sure, a privacy policy's "express[] defin[itions]" should not be rejected "simply because it may deviate from our expectations." *See Hammerling v. Google, LLC*, No. 22-17024, 2024 WL 937247, at *2 (9th Cir. Mar. 5, 2024). But, here, Plaintiffs adequately allege that the generic language of Privacy Policy did not provide a reasonable user with the specific disclosures necessary to obtain effective consent to the Modified Pixel's enhanced de-anonymization of their information. *See In re Meta Android*, 833 F. Supp. 3d at 1024.

***Wiretapping and Eavesdropping Claims.*** Plaintiffs have plausibly alleged their CIPA and ECPA wiretapping and eavesdropping claims. Meta argues that even assuming Plaintiffs did not consent to part of how the Modified Pixel operated, they still consented to interception of their browsing data by consenting to the operation of the standard Pixel, and the wiretapping claims require that the interception itself be unauthorized. But it is plausible that the Modified

Pixel constitutes a different "device" or "machine," *see* 18 U.S.C. § 2510(4); Cal. Penal Code §§ 631(a), 632(a), such that even the interception fell outside the scope of consent, for the reasons discussed above. And even if the interception fell within the scope of consent, that does not preclude liability. While exceeding the scope of consent typically means that the consent is effective for the scope authorized but "not effective for the excess," that is only true if the "harm caused by the excess is severable from that resulting from the privileged act." Restatement (Second) of Torts § 892A(4) & cmt. h (A.L.I. 1979) (cited in Meta's Motion, Dkt. No. 136 at 21; *see also Calhoun*, 113 F.4th at 1147 n.10).[1] For example, "A gives B permission to dump 'a few stones' upon A's land. B covers the land with large boulders. A has not consented to this conduct." Restatement (Second) of Torts § 892A cmt. c, illus. 1 (cited in cmt. h). In that situation, it is "impossible as a practical matter to sever the harm resulting from the excess from that caused by permitted act," so B is liable for the "entire harm." *See id.* § 892A cmt. h. Likewise, Plaintiffs have plausibly alleged that the harm from the collection of account information through the Modified Pixel is inseverable from the harm caused by the standard collection of browsing information, and thus that Meta is liable for the entire harm. *See In re Meta Android*, 833 F. Supp. 3d at 1027.

***Pen Register Claim.*** In light of SB 690, which amends Cal. Penal Code § 637.2(d) to remove the private right of action for certain pen register claims, Plaintiffs do not oppose dismissal of their claim under Cal. Penal Code § 638.51. (Dkt. No. 156 at 1.) Accordingly, this claim is dismissed with prejudice.

***Comprehensive Computer Data Access and Fraud Act ("CDAFA") Claim.*** Plaintiffs have plausibly alleged their CDAFA claim. They plausibly allege that Meta acted without permission by circumventing Android's sandboxing to de-anonymize Plaintiffs' real-time browsing activity by associating it with their Meta accounts. *See In re Meta Android*, 833 F. Supp. 3d at 1028–29. A defendant does not act without permission if they have permission to

---

[1] All citations to page numbers in filings on the docket refer to ECF pagination.

take information but use an unauthorized method to do so. *Oracle USA, Inc. v. Rimini St., Inc.*, 879 F.3d 948, 962 (9th Cir. 2018). But here, Plaintiffs allege that the Pixel could not have de-anonymized the entirety of their real-time browsing activity on their phones without circumventing Android's sandboxing. (*See* Dkt. No. 122 ("FAC") ¶¶ 55–56, 66.) That Plaintiffs agreed to allow Meta to identify their browsing activity by piecing together information in other contexts does not mean Plaintiffs must have given permission for Meta to de-anonymize with precision all browsing activity on their phones. Meta analogizes its conduct to a person permitted to enter a store and collect the day's cash, and argues that person does not become a thief by leaving through a door that is marked "No Exit." (*See* Dkt. No. 136 at 28.) But Meta's conduct is more like the manager who is permitted to take periodic bonuses from the cash register, but instead empties the entire register every night. That is plausibly alleged to be beyond the scope of authorization. To the extent that Meta relies on a theory of consent, that is insufficient to compel dismissal, for the reasons previously discussed.

Additionally, Plaintiffs' interest in Meta's allegedly unjustly earned profits is sufficient to constitute damage or loss. District courts are split on this issue. *See, e.g.*, *Smith v. Rack Room Shoes, Inc.*, No. 24-CV-06709-RFL, 2025 WL 2210002, at *3 (N.D. Cal. Aug. 4, 2025); *Dellasala v. Samba TV, Inc.*, No. 25-CV-03470-JSC, 2026 WL 1138358, at *8 (N.D. Cal. Apr. 21, 2026). The undersigned remains persuaded of the analysis in *Smith*. In the end, Plaintiffs' claim is that CDAFA entitles them to a portion of what Meta earned from their data, and that Meta has not given them this money, which constitutes a loss. Nothing in *Dellasala* or the Ninth Circuit's ruling in *Popa v. Microsoft Corp.*, 153 F.4th 784, 792–94 (9th Cir. 2025), compels a different reading of CDAFA's definition of damage or loss.

***Invasion of Privacy Claims.*** For the reasons stated in the prior motion to dismiss order, Plaintiffs plausibly allege their invasion of privacy claims. *See In re Meta Android*, 833 F. Supp. 3d at 1025–26.

***Conclusion.*** Meta's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs' pen register claim is **DISMISSED WITH PREJUDICE** and **WITHOUT**

**LEAVE TO AMEND**. All other claims survive dismissal. An answer is due by **September 16, 2026** pursuant to Federal Rule of Civil Procedure 12(a)(4)(A).

**IT IS SO ORDERED.**

Dated: November 2, 2026

RITA F. LIN
United States District Judge